*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (027179)*
*tfrankel@bffb.com*

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone:  (619) 756-7748*
*Patricia N. Syverson (020191)*
*psyverson@bffb.com*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jose A. Vega, on behalf of himself and all those similarly situated,<br><br>          Plaintiff,<br>v.<br><br>All My Sons Business Development, LLC, a Delaware limited liability company; All My Sons Moving & Storage of Tucson LLC, a Delaware limited liability company; All My Sons Moving & Storage of Phoenix LLC, a Delaware limited liability company; All My Sons of Mesa LLC, a Delaware limited liability company,<br><br>          Defendants. | Case No.<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[Jury Trial Demanded]** |

Plaintiff Jose A. Vega ("Plaintiff"), on behalf of himself and all others similarly situated, brings this action against Defendants All My Sons Business Development, LLC, All My Sons Moving & Storage of Tucson LLC, All My Sons Moving & Storage of Phoenix LLC, and All My Sons of Mesa LLC (collectively "All My Sons" or "Defendant") for

- 1 -

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Arizona wage and paid sick time laws, A.R.S. § 23-350 *et seq.*, A.R.S. § 23-363 *et seq.*, and A.R.S. 23-371 *et seq.* (collectively the "Arizona Wage Statute").

## NATURE OF THE ACTION

1.     Plaintiff alleges on behalf of himself and all other similarly situated non-exempt employees employed as Movers and paid on an hourly basis by Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) that they are entitled to unpaid wages, including unpaid overtime for all hours worked exceeding forty (40) hours in a workweek and unpaid minimum wage, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*

2.     Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of similarly situated non-exempt employees employed as Movers and paid on an hourly basis by Defendant within the state of Arizona, that they are entitled to the minimum wage and timely payment of all wages due, plus interest, treble damages, and penalties as allowed by the Arizona Wage Statute, A.R.S. § 23-350 *et seq.* and A.R.S. § 23-362 *et seq.* and that they are entitled to accrued paid sick time as required by A.R.S. §§ 23-364 and 23-371 *et seq.*

## JURISDICTION AND VENUE

3.     The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.   This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because substantial decisions and events giving rise to the claims occurred in the State of Arizona within this District.

6.    The United States District Court for the District of Arizona has personal jurisdiction because Defendant conducts business within this District and the actions giving rise to this Complaint occurred in this District.

7.    At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

8.    Plaintiff and the other similarly situated hourly employees are "employees" as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-350(2), A.R.S. § 23-362(A), and are non-exempt employees and/or employees entitled to overtime and the minimum wage under 29 U.S.C. § 213(a)(1), A.R.S. § 23-350, and A.R.S. § 23-362.  They are also employees entitled to paid sick time in accordance with A.R.S. §§ 23-364 and 23-371 *et seq.*

9.    At all relevant times, Defendant was an employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-350(3), and A.R.S. § 23-362(B).  Defendant is an employer required to provide pay sick time in accordance with A.R.S. §§ 23-364 and 23-371 *et seq.*

10.    At all relevant times, Defendant employed Movers as non-exempt employees paid by Defendant on an hourly basis in Arizona, including Plaintiff Jose A. Vega.

11.    At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## PARTIES

12.    Defendant All My Sons Business Development, LLC is a Delaware limited liability company that does business as a moving and storage company in Arizona.

13.    Defendant All My Sons Moving & Storage of Tucson LLC is a Delaware limited liability company that does business as a moving and storage company in Arizona.

14.     Defendant All My Sons Moving & Storage of Phoenix LLC is a Delaware limited liability company that does business as a moving and storage company in Arizona.

15.     Defendant All My Sons of Mesa LLC is a Delaware limited liability company that does business as a moving and storage company in Arizona.

16.     Defendant All My Sons Business and Development, LLC has its corporate headquarters in Carrollton, Texas.  This central location develops the policies and human resources practices applicable to all of the All My Sons locations and employees nationwide, including those Movers in Arizona at the All My Sons of Mesa LLC, All My Sons Moving & Storage of Tucson LLC, and All My Sons Moving & Storage of Phoenix LLC locations. All the Movers in Arizona have their compensation policies and practices and employment directed by Defendants, which sends out applicable training and policies related to their employment from the corporate headquarters in Texas to all the Movers at all the Arizona locations.  For example, All My Sons distributes its employee handbook, payroll policies, and wage withholdings through its central headquarters location in Carrollton, Texas to all of the Movers employed throughout Arizona regardless of which individual office the Mover works from.

17.     Under the FLSA and Arizona Wage Statute, Defendants All My Sons Business Development, LLC, All My Sons Moving & Storage of Tucson LLC, All My Sons Moving & Storage of Phoenix LLC, All My Sons of Mesa LLC are employers of the Movers. They are responsible for determining the method and rate of Plaintiff's payment of wages and make decisions affecting Plaintiff's hiring, training, employment, and compensation at All My Sons.

18.     All My Sons provides moving services for customers throughout Arizona.

19.     Plaintiff Jose A. Vega was, at all relevant times, an individual residing in Tucson, Arizona in Pima County and is employed as a Mover for All My Sons there.

20.     At all relevant times, Plaintiff Vega was employed by All My Sons as a Mover, which is a non-exempt position that paid an hourly rate of $12 per hour.  Plaintiff Vega's Consent to Become a Party Plaintiff and Opt-In to Lawsuit pursuant to 29 U.S.C. §

216(b) is attached hereto as <u>Exhibit A</u>, opting him into this action to pursue unpaid overtime and minimum wage under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

21.    Plaintiff Vega brings Counts I and II, the FLSA unpaid overtime claim and FLSA unpaid minimum wage claim, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following similarly situated employees of Defendant:

> All hourly employees of All My Sons who worked as Movers in Arizona during the last three years, regardless of actual title ("Off-the-Clock Collective Action Members").

22.    Plaintiff, on behalf of himself and all other similarly situated hourly, non-exempt employees who worked as Movers for All My Sons in Arizona during the last three years, seeks relief on a collective basis challenging Defendant's practice of failing to pay its employees overtime and the minimum wage for all hours worked.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs to the collective action may be determined from Defendant's records and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

23.    Plaintiff is similarly situated to the Off-the-Clock Collective Action Members because they all are subject to similar payroll policies and procedures.  Defendant requires the similarly situated Off-the-Clock Collective Action Members to work overtime but fails to pay them the overtime rate of one and one half their regular hourly rate of pay for hours worked over forty in a workweek.  Defendant also requires the similarly situated Off-the-Clock Collective Action members to work hours for which they are not paid, causing their wages to fall below the minimum wage required by law.  The Off-the-Clock Collective Action Members are also similarly situated because they all utilize Defendant's time recording and reporting practices and are subject to similar pay practices and job duties.

24.    Defendant's overtime and minimum wage practices were routine and consistent. Throughout the relevant time period over the past three years, the Off-the-Clock

Collective Action Members regularly were not paid the proper overtime and minimum wage.

25.    Plaintiff and the Off-the-Clock Collective Action Members performed the same or similar job duties as Movers. Moreover, they regularly worked more than forty hours in a workweek and were required to work off the clock without receiving proper overtime wages. The requisite off the clock work they performed also resulted in their wages routinely falling below the minimum wage.  Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

26.    Defendant's failure to pay overtime and minimum wage compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the other non-exempt hourly employees employed by Defendant as Movers.

27.    The Off-the-Clock Collective Action Members, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty per workweek and the minimum wage. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

28.    Plaintiff will fairly and adequately protect the interests of the Off-the-Clock Collective Action Members and has retained counsel experienced and competent in the practice of wage and hour law and class and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with the putative members of this collective action.

## CLASS ACTION ALLEGATIONS

29.    Plaintiff brings Counts III, IV and V, the Arizona Wage Statute unpaid wage and paid sick time claims, as a Rule 23 class action on behalf of himself and the following persons:

1        All hourly employees who worked as Movers for All My Sons in Arizona

2        during the last three years, regardless of actual title ("Arizona Class

3        Members").

4        30.    Plaintiff's Rule 23 class claims satisfy the numerosity, commonality,

5  typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ.

6  P. 23.

7        31.    Plaintiff's Rule 23 state law class claims satisfy the numerosity requirement

8  of a class action.  The Arizona Class Members identified above are so numerous that joinder

9  of all members is impracticable.  Although the precise number of potential class members

10  is unknown, and the facts for calculating that number are presently within the sole control

11  of Defendant, upon information and belief, there are more than forty Arizona Class

12  Members.

13        32.    Questions of law and fact common to the Arizona Class Members

14  predominate over questions that may affect only individual members because Defendant

15  has acted on grounds generally applicable to all Arizona Class Members.  Among the

16  questions of law and fact common to Plaintiff and the Arizona Class Members are:

17            a.    whether Defendant employed the Arizona Class Members within the

18                meaning of the Arizona Wage Statute;

19            b.    whether Defendant owes the Arizona Class Members wages in

20                exchange for all work performed;

21            c.    whether Defendant owes the Arizona Class Members the minimum

22                wage;

23            d.    whether Defendant is liable for damages under the Arizona Wage

24                Statute, including but not limited to compensatory damages, statutory

25                damages, interest, and treble damages; and

26            e.    whether Defendant owes paid sick time or other penalties to the

27                Arizona Class Members for its failure to accrue and provide paid sick

28

time and provide requisite notice of paid sick time as required by Arizona law.

33.    Plaintiff's claims under Arizona state law are typical of those of the Arizona Class Members because they have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful payroll practices as Plaintiff.

34.    The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

35.    A class action is appropriate for the fair and efficient adjudication of this controversy.  Defendant acted or refused to act on grounds generally applicable to the entire class.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and substantially impair or impede the ability of the class members to protect their interests.  The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

36.    Plaintiff will fairly and adequately represent the interests of the Arizona Class Members and has retained counsel experienced and competent in wage and hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this class action.

**STATEMENT OF FACTS**

37.    The Off the Clock Collective Action Members and Arizona Class Members are collectively referred to as Movers.

38.    All My Sons is an "employer" within the meaning of the FLSA and the Arizona Wage Statute.

39.    Plaintiff was hired by All My Sons as a non-exempt employee paid on an hourly basis on May 13, 2020.

40.    Plaintiff is employed as a non-exempt, hourly employee working as a Mover.

41.    Plaintiff is paid at an hourly rate of $12.00 per hour, which is the minimum wage required for employees in Arizona in 2020 pursuant to A.R.S. § 23-363.

42.    Plaintiff and the other similarly situated employees perform routine labor on behalf of All My Sons including providing labor for moving All My Sons' customers' personal belongings throughout Arizona.

43.    All My Sons boasts that it is one of the premier residential moving firms in the country with over 60 offices nationwide.

44.    All My Sons operates from a central headquarters that dictates employment policies and payroll policies for the Movers throughout the country, including the offices in Arizona.

45.    The Movers are subject to uniform compensation policies and practices regarding their compensation.  These policies and practices are dictated by All My Sons through corporate training documents distributed to the Movers when they are hired, including information regarding the All My Sons' employment and compensation policies applicable to the Movers.

46.    While Plaintiff's job duties frequently required him to work in excess of forty hours per workweek, he was routinely denied the overtime rate of time and a half for the overtime he worked.  All My Sons also routinely failed to pay Plaintiff for all the hours he worked, resulting in unpaid straight time, unpaid overtime, and unpaid minimum wage.

47.    All My Sons had a policy and practice of requiring Movers like Plaintiff to work off the clock.

48.    Movers like Plaintiff are first required to report to the All My Sons Dispatch Center to start their work.  Once at the Dispatch Center, they are required to conduct work to prepare for their day of moving.  They have to get the company tablet, obtain supplies, and gas up the Company vehicle.

49.    Once they finish their duties at the Dispatch Center, Movers like Plaintiff then travel to the first customer location to move the customers' belongings.

50.     All My Sons does not consider Plaintiff and Movers clocked in and does not start paying them for their work until they arrive at the first customer location of the day. Movers like Plaintiff are not paid for their work at the Dispatch Center or traveling from the Dispatch Center to their first customer site each day in violation of the FLSA.

51.     In fact, Movers like Plaintiff are only paid for the time they are performing labor at a customer's location.  They are not paid for the time it takes to drive from customer site to customer site throughout the day.  They also are not paid for the time it takes to drive from the final customer location of the day back to the All My Sons Dispatch Center at the end of the day.

52.     This regular practice of requiring Movers like Plaintiff to work off the clock results in them not being paid for all the time they worked, including straight time and overtime.

53.     All My Sons engaged in the regular practice of failing to accurately record the time during which it suffered or permitted Plaintiff to work.  As such, All My Sons' payroll records understate the duration of time that it suffered and permitted Plaintiff to work during each week of his employment.

54.     Plaintiff estimates that he is required to work as many as five hours off the clock on a given day.  He is only paid $12 per hour for the hours actually reported on his pay stubs, which does not include the hours he is required to work off the clock.  When counting the numerous hours per week that he is required to work off the clock, his hourly wage falls below the minimum wage required by the FLSA and Arizona law.

55.     In addition, All My Sons' wage practices that require Movers like Plaintiff to work off the clock result in them not being paid all the straight time and overtime they are due.

56.     All My Sons' failure to pay wages is likely a result of its failure to maintain accurate records of its Movers' time and payroll in violation of the FLSA, including records sufficient to accurately determine the wages and hours of employment for Plaintiff and the similarly situated Movers.

57.   The routine off the clock work caused the Movers' wages to fall below the minimum wage for each week during their employment.  Defendant also failed to pay them time and a half their regular rate of pay for hours worked over forty in a workweek.

58.   For example, Plaintiff worked at least 40 hours during the week from May 11, 2020 to May 17, 2020.  However, Defendant's payroll records for Plaintiff indicate that he was only paid for 24 hours during this pay period at $12 per hour for a total of $288.  As a result, Plaintiff was not paid for 16 hours of work during this pay period.  Plaintiff's hourly wage for the hours actually worked was only $7.20 when calculating the amount he was compensated ($288) divided by total hours worked (40), demonstrating that Defendant failed to pay him the minimum wage required by law.  Furthermore, Defendant failed to pay Plaintiff for 16 hours of straight time wages owed at his regular hourly rate.

59.   In addition, Plaintiff was not paid all the overtime he was due.  For example, Plaintiff worked at least 60 hours during the week from May 18, 2020 to May 24, 2020. However, Defendant's payroll records for Plaintiff indicate that he was only paid for 45.75 hours during this pay period at his regular hourly rate of $12 per hour for a total of $549. As a result, Plaintiff was not paid for 14.25 hours of work during this pay period.  Defendant failed to pay Plaintiff time and a half his regular rate of pay for all hours worked in excess of forty hours during this workweek, resulting in him only being paid his regular rate of $12 per hour for 45.75 hours instead of the legally required $18 per hour for the 20 hours he was required to work in excess of forty hours during this workweek.  In addition, Plaintiff's hourly wage for the hours he actually worked was only $9.15 when calculating the amount he was compensated ($549) divided by total hours worked (60), demonstrating that Defendant failed to pay him the minimum wage required by law.

60.   These are just two examples of Defendant's pattern and practice of routinely failing to pay non-exempt, hourly employees like Plaintiff the proper overtime rate and minimum wages they are owed, which occurred during the typical week of their employment.

61.     Plaintiff and the Movers are also required to complete mandatory training for which they were not paid.  For example, Plaintiff spent approximately 1.5 hours completing mandatory training regarding his job duties and requirements but he was not paid for this time.

62.     The Arizona Wage Statute, A.R.S. §§ 23-363(A), (B), establishes the minimum wage that employers in Arizona must pay their employees.

63.     The minimum wage in Arizona is $12 per hour for 2020.  When All My Sons required Plaintiff to work off the clock, it resulted in his wages falling below the minimum wage required.

64.     Defendant routinely failed to pay Plaintiff and the similarly situated non-exempt hourly employees employed as Movers time and a half their regular rate of pay for the overtime they were required to work.

65.     A significant part, if not all, of this unpaid wages and overtime work is evidenced in Defendant's own payroll, time-recording, and attendance records, most of which are exclusively in Defendant's own possession.

66.     Defendant's policy and practice is to willfully deny its hourly, non-exempt employees employed as Movers overtime pay for hours worked beyond forty in a workweek and minimum wage they are due.

67.     Defendant failed to timely pay Plaintiff and the similarly situated employees all the wages they were due.  This is evident from Plaintiff's experiences and conversations with other Movers who were subject to the same unlawful pay practices that he was.  In addition, there are numerous online complaints about All My Sons' wage practices in Arizona on Indeed.com, in which employees of All My Sons complain that the Company is "extremely demanding without proper compensation," "you can work 40 to 50 to 60 hours a week which employees don't get paid overtime and yet they charge the customer overtime rates and when you have to load the trucks up in the morning you don't get paid for it not until you get to the customs (sic) house," and "my check was short every week."

68.    In addition, All My Sons failed to provide the requisite notice to Plaintiff and the similarly situated employees of their rights to paid sick time pursuant to Arizona law, and All My Sons failed to accrue and provide the paid sick time as required by Arizona law.

69.    Plaintiff was not provided notice of accrued paid sick time with his pay statements in violation Arizona law.

70.    Plaintiff was also never provided notice of his rights related to paid sick time in violation of Arizona law.

71.    All My Sons' wage and paid sick time violations uniformly applied to the Movers throughout Arizona.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Properly Pay Overtime and Record Keeping Violations - FLSA - 29 U.S.C. § 207 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Off-the-Clock Collective Action Members)**

72.    Plaintiff, on behalf of himself individually and all Off-the-Clock Collective Action Members, reasserts the allegations set forth in the above paragraphs.

73.    Defendant paid Plaintiff and the Off-the-Clock Collective Action Members on an hourly basis, and they are and were all entitled to the overtime protections of the FLSA as set forth in 29 U.S.C. §§ 201, *et seq*.

74.    At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in interstate commerce and Defendant has annual revenues in excess of $500,000.

75.    Plaintiff and the Off-the-Clock Collective Action Members are non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

76.    Defendant was an employer pursuant to 29 U.S.C. § 203(d).

77.    Defendant failed to comply with 29 U.S.C. § 207 because Plaintiff and the Off-the-Clock Collective Action Members worked for Defendant in excess of forty hours per week, but Defendant failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

1    78.    The work was performed at Defendant's direction and/or with Defendant's

2 knowledge.

3    79.    Defendant willfully violated the FLSA by failing to pay Plaintiff and the other

4 Off-the-Clock Collective Action Members all wages due including time and a half for all

5 hours accrued beyond forty (40) hours in a workweek.

6    80.    Defendant has acted neither in good faith nor with reasonable grounds to

7 believe that its actions and omissions complied with the FLSA.

8    81.    As a result of the aforesaid willful violations of the FLSA's overtime pay

9 provisions, Defendant has unlawfully withheld overtime wages from Plaintiff and the Off-

10 the-Clock Collective Action Members.  Accordingly, Defendant is liable to Plaintiff and the

11 Off-the-Clock Collective Action Members for unpaid wages including overtime

12 compensation, an additional equal amount as liquidated damages, pre-judgment and post-

13 judgment interest, reasonable attorneys' fees, and costs of this action.

14    WHEREFORE, Plaintiff and all similarly situated employees demand judgment

15 against Defendant, and pray this Court:

16    a.    Certify the claim set forth in Count I above as a collective action

17 pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated hourly

18 employees, regardless of actual title, who worked for Defendant as Movers in Arizona

19 during the last three years, informing them of their right to file consents to join the FLSA

20 portion of this action;

21    b.    Designate Plaintiff Vega as the Representative Plaintiff of the Off- the-

22 Clock Collective Action and undersigned counsel as the attorneys representing the Off-the-

23 Clock Collective Action Members;

24    c.    Award Plaintiff and all similarly situated employees compensatory and

25 liquidated damages under 29 U.S.C. § 216(b);

26    d.    Award Plaintiff and all similarly situated employees prejudgment and

27 post-judgment interest as provided by law;

28

- 14 -

e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Off-the-Clock Collective Action Members of Defendant's alleged wage and hour violations; and

f.    Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Failure to Properly Pay Minimum Wage and Record Keeping Violations - FLSA - 29 U.S.C. § 206 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Off-the-Clock Collective Action Members)**

82.    Plaintiff, on behalf of himself and all Off-the-Clock Collective Action Members, reasserts the allegations set forth in the above paragraphs.

83.    Defendant paid Plaintiff and the Off-the-Clock Collective Action Members on an hourly basis, and they are and were all entitled to the minimum wage protections of the FLSA as set forth in 29 U.S.C. §§ 201, *et seq.*

84.    At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in interstate commerce and Defendant has annual revenues in excess of $500,000.

85.    Plaintiff and the Off-the-Clock Collective Action Members are non-exempt employees entitled to the statutorily mandated minimum wage according to the FLSA.

86.    Defendant was an employer pursuant to 29 U.S.C. § 203(d).

87.    Defendant failed to comply with 29 U.S.C. § 206 because Defendant failed to pay the Off-the-Clock Collective Action Members the minimum wage as required by the FLSA.

88.    The work was performed at Defendant's direction and/or with Defendant's knowledge.

89.    Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Off-the-Clock Collective Action Members all the minimum wage due.

90.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

91.     As a result of the aforesaid willful violations of the FLSA's minimum wage pay provisions, Defendant has unlawfully withheld minimum wages from Plaintiff and the Off-the-Clock Collective Action Members.  Accordingly, Defendant is liable to Plaintiff and the Off-the-Clock Collective Action Members for unpaid wages including minimum wage compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

a.     Certify the claim set forth in Count II above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated hourly employees, regardless of actual title, who worked for Defendant as Movers in Arizona during the last three years, informing them of their right to file consents to join the FLSA portion of this action;

b.     Designate Plaintiff Vega as the Representative Plaintiff of the Off-the-Clock Collective Action and undersigned counsel as the attorneys representing the Off-the-Clock Collective Action Members;

c.     Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d.     Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

e.     Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Off-the-Clock Collective Action Members of Defendant's alleged wage and hour violations; and

92.     Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT III**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE
ARIZONA WAGE STATUTE**
**(Failure to Pay Minimum Wage, A.R.S. § 23-362 *et seq.*; Brought Against Defendant
by Plaintiff Individually and on Behalf of the Arizona Class Members)**

93.     Plaintiff, on behalf of himself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

94.     At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

95.     Plaintiff and the similarly situated employees were entitled to the minimum wage as defined by A.R.S. § 23-363.

96.     Defendant was an employer pursuant to A.R.S. § 23-362(B).

97.     Defendant is aware that, under A.R.S. §§ 23-363, it was obligated to pay minimum wage due to Plaintiff and the Arizona Class Members.

98.     Defendant failed to pay Plaintiff and the Arizona Class Members minimum wage due without a good faith basis for withholding wages.

99.     Defendant has willfully failed and refused to pay minimum wage due to Plaintiff and the Arizona Class Members.  As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-364.

100.    The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a.     Certify the state law claim set forth in Count III above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

- 17 -

b.      Designate Plaintiff Vega as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

c.      Award Plaintiff and all similarly situated employees compensatory damages and statutory damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-364;

d.      Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e.      Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

## COUNT IV
## FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE
### (A.R.S. § 23-350 *et seq.*; Failure to Timely Pay Wages Due; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)

101.    Plaintiff, on behalf of himself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

102.    At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

103.    Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

104.    Defendant is aware that, under A.R.S. §§ 23-350-353, it was obligated to timely pay all wages due to Plaintiff and the Arizona Class Members.

105.    Defendant failed to timely pay Plaintiff and the Arizona Class Members wages due without a good faith basis for withholding wages.

106.    Defendant has willfully failed and refused to timely pay wages due to Plaintiff and the Arizona Class Members.  As a result of Defendant's unlawful acts, Plaintiff and the

1  Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S.
2  § 23-355.

3       107.    The state law claim, if certified for class-wide treatment, may be pursued by
4  all similarly situated persons who do not opt out of the Class.

5       WHEREFORE, Plaintiff and all similarly situated employees demand judgment
6  against Defendant and pray this Court:

7          a.    Certify the state law claim set forth in Count IV above as a class action
8  pursuant to Rule 23 of the Federal Rules of Civil Procedure;

9          b.    Designate Plaintiff Vega as the Class Representative of the Arizona
10 Class Members and undersigned counsel as the attorneys representing the Arizona Class
11 Members;

12         c.    Award Plaintiff and all similarly situated employees compensatory
13 damages and treble damages, plus costs and attorneys' fees, and all available remedies
14 pursuant to A.R.S. § 23-350 *et seq.*;

15         d.    Award Plaintiff and all similarly situated employees prejudgment and
16 post-judgment interest as provided by law; and

17         e.    Award Plaintiff and all similarly situated employees such other relief
18 as this Court deems fair and equitable, including injunctive relief.

19
20
21
22
**COUNT V**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE**
**ARIZONA WAGE STATUTE**
**(A.R.S. §§ 23-364; 23-371 *et seq.*; Failure to Provide Earned Paid Sick Time; Brought**
**Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class**
**Members)**

23      108.    Plaintiff, on behalf of himself and the Arizona Class Members, reasserts the
24 allegations set forth in the above paragraphs.

25      109.    At all material times hereto, Plaintiff and the Arizona Class Members were
26 employed by Defendant within the State of Arizona and have been entitled to the rights,
27 protections, and benefits provided under A.R.S. §§ 23-364 and 23-371 *et seq.* relating to
28 paid sick time.

110.    Defendant was aware of its obligation to accrue and provide paid sick time pursuant to A.R.S. §§ 23-364 and 23-371 *et seq.*

111.    Defendant is aware that, under A.R.S. §§ 23-364 and 23-372-374, it was obligated to accrue and provide paid sick time to Plaintiff and the Arizona Class Members.

112.    Defendant is also aware that it was obligated to provide written notice to Plaintiff and the Arizona Class Members of their rights relating to paid sick time and also provide the amount of paid sick time accrued with their pay stubs.

113.    Defendant failed to provide Plaintiff and the Arizona Class Members paid sick time or requisite notice of their rights or amounts accrued in violation of A.R.S. §§ 23-364 and 23-372 *et. seq.* and did not have a good faith basis for doing so.

114.    Defendant has willfully failed and refused to comply with the requirements for providing paid sick time to Plaintiff and the Arizona Class Members. As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-375(E) of at least $250 for a first violation and $1000 for each subsequent violation and other applicable remedies provided by Arizona law including A.R.S. § 23-364.

115.    The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

a.    Certify the state law claim set forth in Count V above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b.    Designate Plaintiff Vega as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

c.    Award Plaintiff and all similarly situated employees compensatory damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. §§ 23-364 and 23-371 *et seq.* and other applicable Arizona law;

1            d.     Award Plaintiff and all similarly situated employees prejudgment and

2    post-judgment interest as provided by law; and

3            e.     Award Plaintiff and all similarly situated employees such other relief

4    as this Court deems fair and equitable, including injunctive relief.

5    **DEMAND FOR JURY TRIAL**

6         116.   Plaintiff hereby demands a jury trial on all claims for which he may have the

7    right to a jury.

8         DATED:  July 2, 2020.

9                                   BONNETT, FAIRBOURN, FRIEDMAN

10                                  & BALINT, P.C.

11                                    /s/ Ty D. Frankel

                               Ty D. Frankel

12                                  2325 E. Camelback Road, Suite 300

                               Phoenix, Arizona 85016

13                                  Telephone: (602) 274-1100

                               Facsimile: (602) 798-5860

14                                  BONNETT, FAIRBOURN, FRIEDMAN

15                                  & BALINT, P.C.

                               Patricia N. Syverson

16                                  600 W. Broadway, Suite 900

                               San Diego, California 92101

17                                  Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28