**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose A Vega, | No. CV-20-00284-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| All My Sons Business Development LLC, et al., | |
| Defendants. | |

On March 8, 2022, the Court held oral argument for the limited purpose of defining the Fair Labor Standards Act (FLSA) Collective Action and Rule 23 Unpaid Wages Class Action. The parties presented their arguments as to the applicable statutes of limitations at the notice stage and the eligibility dates for both the conditionally certified collective and the certified class action. (*See* Docs. 96–97.)

**I.   FLSA Collective Action**

On February 1, 2022, the Court conditionally certified an FLSA collective action based on Plaintiff Jose A. Vega's allegations that Defendants All My Sons Business Development LLC, All My Sons Moving & Storage of Tucson LLC, and All My Sons Moving & Storage of Phoenix LLC undercompensate helpers in violation of the FLSA. (Doc. 93 at 6–7.) Nonetheless, the Court noted that it was not in a position to "specifically define eligible employment dates for that collective" without additional briefing from the parties. (*Id.* at 7.) Similarly, the Court required additional argument regarding the applicable FLSA statute of limitations. (*Id.* at 7–8.) The Court ordered oral argument to resolve these questions.

Plaintiff argues that the Court should permit notice of the FLSA collective action to the broadest class of putative opt-in plaintiffs possible because the statute of limitations continued to run while the motion to certify was pending and will continue to run for each putative opt-in plaintiff until they have consented to join the action. (Doc. 96 at 2.) He seeks to apply a three-year statute of limitations despite a lack of specific evidence at this stage that Defendants acted to willfully violate the FLSA. (*Id.*) "At this initial stage," Plaintiff asserts, "there is simply not sufficient evidence upon which to make a merits determination as to whether a two or three year limitations period should apply." (*Id.*) Nonetheless, he contends that he has made sufficient "allegations" of willfulness to support application of a three-year period at the notice stage, with the possibility that the Court will re-evaluate the appropriate statute of limitations after discovery. (*Id.* at 2–3.)

Plaintiff proposes that notice be sent to all individuals employed as helpers at All My Sons Tucson any time between July 2, 2017 and the date notice is sent. (*Id.*) Plaintiff asserts "[a] starting date of July 2, 2017 (3 years back from the date Plaintiff's Complaint was filed) allows for the most inclusive notice possible . . . ." (*Id.*)

Defendants argue that a two-year statute of limitations is appropriate because Plaintiff has not presented "any evidence or facts" that Defendants willfully violated the FLSA. (Doc. 97 at 2.) They appear to propose three different time frames, first asserting, "a statute of limitations period of two years preceding the date of this Court's order on conditional certification should apply," then stating, "the limitations period for the FLSA collective action should only be two years from the date the consents are filed," and finally noting, "[t]he notice should be limited to helpers who worked at [All My Sons] Tucson during the two-year period prior to the notice being sent." (*Id.* at 2–3.)

### A. Standard

An FLSA claim to recover wages must commence within two years of the alleged violation. 29 U.S.C. § 255(a). Nonetheless, "a cause of action arising out of a *willful* violation may be commenced within three years after the cause of action accrued." *Id.* (emphasis added). Under the FLSA, a named plaintiff's claim commences on the date the complaint is filed. 29 U.S.C. § 256(a). However, an individual opt-in plaintiff's claim does

not commence until that plaintiff files written consent to join the collective action. 29 U.S.C. § 256(b).

An employer willfully violates the FLSA if "the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.'" *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016) (quoting *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003)). Although the Court will not assume the employer's conduct was willful without specific evidence of a knowing violation or a reckless disregard for compliance, *see id.*, in this district, courts have noted that "it is better to be overly inclusive at the notice stage." *Rose v. Wildflower Bread Co.*, No. CV 09-1348-PHX-JAT, 2010 WL 1781011, at *12 (D. Ariz. May 4, 2010), *vacated on other grounds*, 2011 WL 196842 (D. Ariz. Jan. 20, 2011) (approving notice to a collective of employees three years prior to the filing of the complaint where plaintiff alleged defendant had misclassified employees as exempt from overtime pay); *Curphey v. F&S Mgmt. I LLC*, No. CV-19-05904-PHX-JJT, 2021 WL 487882, at *5 (D. Ariz. Feb. 10, 2021) (approving notice to a collective of employees three years prior to the filing of the complaint).

A court's decision to apply a three-year statute of limitations at the FLSA notice stage "does not indicate a finding on willfulness." *Rose*, 2010 WL 1781011 at *12. The appropriate statute of limitations may be challenged on summary judgment or on a motion for decertification. *Curphey*, 2021 WL 487882, at *5; *Smith v. Akal Sec. Inc.*, No. CV-18-01117-PHX-SMB, 2019 WL 1932117, at *4 (D. Ariz. May 1, 2019) ("Should Defendant file a decertification motion in the future, the Court will then, in light of the evidence produced during discovery, reassess whether the two or three-year statute of limitations should apply to Plaintiff's claims."). In *Williams v. U.S. Bank Nat'l Ass'n*, a district court from the Eastern District of California applied a three-year statute of limitations at the notice stage although the defendant argued that the plaintiffs had not presented sufficient evidence of willfulness. 290 F.R.D. 600, 613 (E.D. Cal. 2013). The district court found that plaintiffs had "sufficiently alleged" willfulness in the complaint and, more importantly, had provided evidence that defendant "willfully declined to pay overtime wages." *Id.* at 613, n.32. "The question of whether this is lawful or not," the court held, "is the ultimate

question to be decided by this court." *Id.* at 613 n. 32.

Furthermore, the notice anchor date, or date from which the court retroactively applies the FLSA statute of limitations, differs among district courts. *See, e.g.*, *Chen v. Kicho Corp.*, 18 CV 7413 (PMH) (LMS), 2020 WL 1900582, at *12 (S.D.N.Y. Apr. 17, 2020) (approving notice for all potential plaintiffs who worked for defendant between "the present" and three years prior to the filing of the complaint); *Hussein v. Capital Bldg. Servs. Grp., Inc.*, 152 F. Supp. 3d 1182, 1195–96 (D. Minn. 2015) (approving notice for three years prior to the date of the court's order conditionally certifying FLSA collective action); *Titchenell v. Apria Healthcare Inc.*, CV No. 11-568, 2011 WL 5428559, at *7 (E.D. Pa. Nov. 8, 2011) (approving notice for three years before the date notice is issued); *Rose*, 2010 WL 1781011 at *12 (approving notice for individuals who worked for defendant on or after three years before filing the complaint).

### B. Analysis

Here, the Court finds that a three-year statute of limitations is appropriate at the notice stage. Plaintiff has alleged willfulness and has put forth sufficient allegations that Defendants willfully implemented the helper compensation policies. The question of whether these policies violate the FLSA is the ultimate question for decision in this case. Nonetheless, in line with other courts in this district, the Court will approve the broadest notice possible on conditional certification. The applicable statute of limitations and whether a finding of willfulness is supported by the evidence can be reevaluated on summary judgment or decertification. Accordingly, the potential opt-in plaintiffs for the FLSA Collective Action include all individuals employed as helpers at All My Sons Moving & Storage of Tucson between July 2, 2017 and the date that notice is sent.

### C. Proposed Notice

On March 7, 2022, the parties filed a Joint Notice Regarding FLSA Collective Action Notice and Consent Form. (Doc. 98.) In accordance with the Court's February 1, 2022 order (Doc. 93), the parties submitted the agreed upon Notice of Collective Action Lawsuit (Doc. 98-1) and Consent to Opt-In Form (Doc. 98-2). The Court will approve this agreed upon language. The only information absent from these proposed documents is the

eligibility period for the collective. As the Court indicated above, this period shall extend from July 2, 2017 to the date that notice is sent.

Furthermore, as the Court previously held, Plaintiff is authorized to send the approved notice to potential opt-in plaintiffs simultaneously via first-class mail, email, and text message. (Doc. 93 at 9.) "Any opt-in plaintiffs who choose to participate shall file their consents no later than 90 days from the date notice is sent." (*Id.*) Finally, Defendants "shall produce to Vega, within 10 days of the date [of this order], a computer-readable data file containing the names, last known mailing addresses, last known email addresses, last known phone numbers, and dates of employment for all potential members of the collective action." (*Id.*)

## II.   Rule 23 Class Action – Unpaid Wages Class

On February 1, 2022, the Court also certified the Unpaid Wages Class under Federal Rule of Civil Procedure 23(b)(3). (Doc. 93 at 26–27.) The Court concluded, however, that it required additional clarification to properly define the eligible employment dates for the class. (*Id.* at 27–28.) Thus, the Court held oral argument to resolve this open question.

Plaintiff argues the Unpaid Wages Class should include all individuals who worked as helpers between July 2, 2017 and the date notice is sent. (Doc. 96 at 3.) Although Plaintiff's various claims under Arizona law have different statutes of limitations, Plaintiff urges the Court to apply a notice period of three years for a willful violation of A.R.S. § 23-364(H). (*Id.* at 4.) Plaintiff argues that "[t]his would also avoid the need for two Rule 23 notice periods – one for unpaid regular time claims (one year) and one for minimum wage claims (three years)." (*Id.*)

Additionally, Plaintiff asks the Court to postpone sending notice of the Rule 23 class action until after the close of discovery. (*Id.*) To do otherwise would, Plaintiff asserts, risk limiting the scope of the class and cut off relief to potential class members. (*Id.*) Plaintiff further contends that early notice would cause unnecessary confusion if the class were decertified later. (*Id.*) If the Court prefers to send Rule 23 notice immediately, Plaintiff asks for 14 days to file a motion for notice approval. (*Id.*)

Defendants argue that only a two-year statute of limitations should apply to the Rule

23 class because A.R.S. § 23-364(H) imposes a two-year limit unless the violation was willful. (Doc. 97 at 3.) For the same reasons that Defendants argue the Court cannot conclude any FLSA violation was willful at this stage, Defendants argue that there was no willful violation of Arizona wage laws. (*Id.*) Defendants further argue that Plaintiff has not offered any evidence that would entitle him to equitable tolling. (*Id.* at 4.)

### A. Standard

There is a one-year statute of limitations for unpaid straight time wage claims under A.R.S. § 12-541(5). *Redhair v. Kinerk, Beal, Schmidt, Dyer & Sethi, P.C.*, 183 P.3d 544, 550 (Ariz. Ct. App. 2008). However, a claim for unpaid minimum wages "may be commenced no later than two years after a violation last occurs, or three years in the case of a willful violation." A.R.S. § 23-364(H).

Under Rule 23, "[c]ommencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). Rule 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." "Notice must be 'timely, accurate, and informative.'" *Fowler v. Union Pac. R.R. Co.*, No. EDCV 17-02451 JGB (SPx), 2018 WL 6318836, at *11 (C.D. Cal. July 23, 2018) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989)).

### B. Analysis

The Court, after conducting an in-depth analysis as required by Rule 23, certified the Unpaid Wages Class under Rule 23(b)(3) to seek to recover unpaid and untimely wages to the extent they may be owed pursuant to A.R.S. §§ 23-350–65. (*See* Doc. 93 at 19–28.) The Court, having considered the parties' arguments regarding the applicable statute of limitations, now defines the Unpaid Wages Class to include individuals who worked as helpers at All My Sons Moving & Storage of Tucson between July 2, 2017 and the date notice is sent. As with the FLSA claims, the Court finds that a three-year period from the

date of the complaint is appropriate where, as here, Plaintiff has made allegations of willfulness but there is not sufficient evidence currently before the Court to make a merits determination on willfulness.

The Court does not find it necessary, however, to postpone notice of the class action until the close of discovery. Instead, to facilitate the timely notice that is required, the Court will grant Plaintiff's request for 14 days to file a Motion for Notice Approval.

Rule 23(g)(1) further requires the Court to appoint class counsel. Fed. R. Civ. P. 23(g)(1). The Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of applicable law; and (iv) the resources that counsel will commit to representing the class." *Id.*

The Court appoints Patricia Nicole Syverson and Ty Derek Frankel of Bonnett Fairbourn Friedman & Balint PC to represent the Unpaid Wages Class. Upon moving for class certification, Plaintiff provided the Court with information regarding the experience and qualifications of Patricia Nicole Syverson, Ty Derek Frankel, and the firm Bonnett Fairbourn Friedman & Balint PC in litigating class action lawsuits as well as wage and hour litigation. (*See* Doc. 54-14.) The Court previously indicated that it is satisfied, based on this information, that Plaintiff's counsel has the requisite experience, knowledge, and resources to litigate these claims. (*See* Doc. 93 at 26.) Moreover, the Court finds that Plaintiff's counsel has done significant work identifying and investigating the claims.

For the foregoing reasons,

**IT IS ORDERED**:

(1) The proposed Notice of Collective Action Lawsuit (Doc. 98-1) and Consent to Opt-In to Lawsuit (Doc. 98-2) are approved.

(2) Within 10 days of the date of this order, Defendants shall produce to Plaintiff a computer-readable data file containing the names, last known mailing addresses, last known email addresses, last known phone numbers, and dates of employment for all potential opt-in plaintiffs in the collective action, including

      all individuals who worked as helpers for All My Sons Moving & Storage of Tucson between July 2, 2017 and the date notice is sent.

(3) Plaintiff is authorized to send the approved notice to potential opt-in plaintiffs simultaneously via first-class mail, email, and text message.

(4) The Unpaid Wages Class is defined to include individuals who worked as helpers at All My Sons Moving & Storage of Tucson between July 2, 2017 and the date notice is sent.

(5) The Court appoints Patricia Nicole Syverson and Ty Derek Frankel of Bonnett Fairbourn Friedman & Balint PC to represent the Unpaid Wages Class.

(6) Within 14 days of the date of this order, Plaintiff must file a Motion for Notice Approval with regard to the Rule 23 Unpaid Wages Class.

Dated this 8th day of March, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge