**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose A Vega, | No. CV-20-00284-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| All My Sons Business Development LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Jose A. Vega's Motion for Approval of Form of Rule 23 Class Notice and Plan for Distribution of Class Notice. (Doc. 101.) This matter has been fully briefed. (Docs. 101–02, 118.)

Plaintiff seeks approval of the proposed Rule 23 Class Notice form as well as permission to send notice via simultaneous first-class mail, email, and text message to class members. (Doc. 101.) He also seeks to delay notice until the close of the FLSA opt-in period to avoid unnecessary confusion for recipients. (*Id.* at 6.) Finally, Plaintiff asks the Court to order Defendants to provide updated class member contact information to Plaintiff to capture any additional Helpers hired after March 18, 2022 when Defendants initially provided this information pursuant to the Court's Order (Doc. 99). (*Id.* at 6–7.)

Defendants object to the proposed Rule 23 Class Notice because it contains reference to All My Sons' alleged failure to "factor in non-discretionary bonuses that Helpers earned in determining the hourly rate used to calculate overtime pay." (Doc. 102 at 1.) Defendants assert that this claim was not in the Complaint, nor was it certified for Rule 23 class resolution by the Court. (*Id.*) Defendants do not raise any other objection

with the proposed notice or procedure.

In reply, "Plaintiff acknowledges that the reference to the non-discretionary bonuses failing to be factored into calculating the overtime pay is an FLSA overtime issue . . . ." (Doc. 118 at 2.) However, Plaintiff asserts that he is not attempting to amend the Complaint by including mention of non-discretionary bonuses, but rather, the inclusion of non-discretionary bonuses is relevant to the calculation of how much unpaid overtime compensation is due. (*Id.* at 3.) Plaintiff proposes amending the language in the notice as follows:

> Plaintiff Vega alleges that he and other employees who worked as Helpers at the All My Sons' Tucson, Arizona location are owed unpaid compensation under the Arizona Wage Statute, A.R.S. §23-350 and §23- 363, including alleged unpaid compensation for off the clock and overtime hours worked, and unpaid minimum wage, <u>non-discretionary bonuses that Helpers earned and were not paid, and failure to pay overtime at the proper rate.</u> ~~Plaintiff Vega also alleges that All My Sons failed to factor in non- discretionary bonuses that Helpers earned in determining the hourly rate used to calculate overtime pay.~~

(*Id.*)

On February 1, 2022, the Court certified the Unpaid Wages Class under Rule 23(b)(3) "to seek to recover unpaid and untimely wages to the extent they are owed pursuant to A.R.S. §§ 23-350–65." (Doc. 93 at 28.) It also conditionally certified a collective action under the FLSA to pursue Plaintiff's claims that Helpers are entitled to overtime compensation. (*Id.*) To the extent Helpers are entitled to overtime compensation under the FLSA, Arizona law requires All My Sons to timely pay such wages.[1] *See* A.R.S. § 23-350–51.

Under A.R.S. § 23-350(7), wages are defined as "*nondiscretionary compensation* due an employee in return for labor or services rendered by an employee for which the

---

[1] The Arizona Revised Statutes do not independently provide for overtime compensation apart from A.R.S. § 23-391, which makes certain public employees eligible for overtime pay. A.R.S. § 23-391. However, employers are required to timely pay any wages due. A.R.S. § 23-351; *see also Wood v. TriVita*, No. CV-08-0765-PHX-SRB, 2008 WL 6566637, at *3 (D. Ariz. Sept. 18, 2008).

employee has a reasonable expectation to be paid whether determined by a time, task, piece, commission or other method of calculation." A.R.S. § 23-350(7) (emphasis added). Therefore, the Court agrees that the inclusion of non-discretionary bonuses is relevant to the calculation of any overtime compensation that may be due. Plaintiff does not seek to amend the Complaint because nondiscretionary bonuses are not a separate claim but rather further definition of an existing claim.

However, the Court finds that Plaintiff's amended proposed language does not provide sufficient notice to class members on this issue. *See* Fed. R. Civ. P. 23(c)(2)(B) ("For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances . . . ."). Therefore, the Court will amend the language to read:

> Plaintiff Vega alleges that he and other employees who worked as Helpers at the All My Sons' Tucson, Arizona location are owed unpaid compensation under the Arizona Wage Statute, A.R.S. §23-350 and §23-363. This allegation includes all unpaid compensation, such as wages for work performed off the clock, minimum wages, and untimely overtime wages.

Because Defendants did not raise any other objection to the proposed notice and procedure, the Court approves the remaining language in the notice as well as the proposed date and manner of notification. The parties have notified the Court that the opt in period for the FLSA collective action will end on June 27, 2022. (Doc. 103 at 2.) Thus, Plaintiff is authorized to send the approved Rule 23 class action notice on June 28, 2022.

Additionally, the Court will amend its March 8, 2022 Order (Doc. 99) appointing class counsel to reflect appointed counsel's new firm, Yen Pilch Robaina & Kresin PLC. The Court previously appointed Patricia Nicole Syverson and Ty Derek Frankel of Bonnett Fairbourn Friedman & Balint PC to represent the Unpaid Wages Class. As of January 4, 2022, appointed counsel moved to the firm Yen Pilch Robaina & Kresin PLC. The Court has reviewed the experience of Yen Pilch Robaina & Kresin PLC and finds, as it did with Bonnett Fairbourn Friedman & Balint PC, that the Court is satisfied that

Plaintiff's counsel has the requisite experience, knowledge, and resources to litigate these claims.

Accordingly,

**IT IS ORDERED**

(1) The Motion for Approval is **GRANTED IN PART**. (Doc. 101.)

(2) With the Court's amended language, Plaintiff is authorized to send out the proposed notice via simultaneous first-class mail, email, and text message to class members on June 28, 2022.

(3) By June 17, 2022, Defendants shall produce to Plaintiff an updated computer-readable data file containing the names, last known mailing addresses, last known email addresses, last known phone numbers, and dates of employment for class members, including all individuals who hired as helpers for All My Sons Moving & Storage of Tucson after the previous date set was provided on March 18, 2022.

(4) The Court's March 8, 2022 Order (Doc. 99) is amended to reflect the appointment of Patricia Nicole Syverson and Ty Derek Frankel of Yen Pilch Robaina & Kresin PLC as class counsel for the Unpaid Wages Class pursuant to Federal Rule of Civil Procedure 23(g).

Dated this 19th day of April, 2022.

Honorable Raner C. Collins
Senior United States District Judge