# EXHIBIT 1

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement ("Settlement Agreement" or "Agreement") is made by and between Jose A. Vega ("Named Plaintiff"), on behalf of himself and all members of the Class and Collective (collectively, "Plaintiffs"), and Defendants named in the below referenced litigation, All My Sons Business Development, LLC, a Delaware limited liability company; All My Sons Moving & Storage of Tucson LLC, a Delaware limited liability company; All My Sons Moving & Storage of Phoenix LLC, a Delaware limited liability company (collectively "All My Sons" or "Defendants"), and their respective affiliates, subsidiaries, successors, assigns, executives, and owners. Named Plaintiff and Defendants are referred to herein as the "Parties." This Agreement is intended to settle the above-referenced matter, Case No. 4:20-cv-00284-RCC, pending in the United States District Court for the District of Arizona, on the terms set forth in this Agreement.

**I.      Background and Recitals**

A.      Unless defined elsewhere in the Agreement, the words and phrases herein have the meanings set forth in the Definitions below.

B.      On July 2, 2020, Plaintiff Jose A. Vega filed a collective and class action complaint against All My Sons.

C.      Plaintiff alleged collective and class claims in the Complaint, including, inter alia, that Defendants failed to pay Named Plaintiff and similarly situated Helpers wages they are owed, including regular wages, overtime, and minimum wage pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and Arizona wage laws, A.R.S. § 23-350 et seq., A.R.S. § 23-363 et seq. (collectively the "Arizona Wage Statute"). Defendants answered the Complaint on August 2, 2020, denying the allegations in the Complaint including having violated the FLSA and Arizona law.

D.      By orders dated February 2, 2022, and March 8, 2022 (Doc. 93 and Doc. 99), the Court conditionally certified an FLSA opt-in collective pursuant to 29 U.S.C. §216(b) and certified a Rule 23 class to pursue claims under the Arizona Wage Statute. The collective and class to whom Notice was sent consisted of all individuals who worked as helpers at All My

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

1   Sons Moving & Storage of Tucson between July 2, 2017 and the date notice was sent, which

2   was March 29, 2022 for the FLSA opt-in collective and June 28, 2022 for the Rule 23 class

3   (the "Helpers").

4       E.      Thereafter, approximately 33 individuals opted in and 31 individuals remain

5   opted into the FLSA collective action.  The Rule 23 class is comprised of 430 Helpers.

6       F.      The Parties participated in discovery including numerous written discovery

7   requests and depositions.

8       G.      The Parties engaged in extensive negotiations that involved one formal

9   mediation day with a professional mediator, Joseph Dixon, who is highly experienced in class

10  and collective action litigation and mediation.  The Parties also participated in a settlement

11  conference before Magistrate Judge Bruce G. Macdonald on May 5, 2023.  In addition to the

12  mediation and settlement conference, the Parties negotiated between themselves for months

13  and that negotiation included complex, difficult, arms-length negotiations between the Parties.

14  These efforts culminated in an agreement as to general settlement terms on May 5, 2023.  On

15  May 8, 2023, a Minute Entry was entered notifying the Court of a tentative settlement,

16  informing the Court that the Parties agreed to submit documents to the Court for preliminary

17  approval and that Plaintiff will apply for the Attorneys' Fee Award and Costs for the Court to

18  determine the amount of fees and Costs to be paid to Plaintiff's counsel by Defendants as part

19  of the Agreement.

20      H.      Class Counsel has conducted an extensive investigation into the facts concerning

21  the Lawsuit as well as the Named Plaintiff's and Class Members' individual claims, including

22  through extensive formal discovery and other investigation.  Class Counsel has also

23  undertaken a thorough assessment of the value of claims herein.  After careful analysis, Class

24  Counsel determined reasonable settlement value based on evaluation of the claims and

25  potential outcomes and developed an allocation formula based on a thorough understanding of

26  the litigation risks and costs of delay with respect to the claims.

27      I.      Class Counsel has further analyzed and evaluated the impact of this Agreement

28  on Named Plaintiff and all Class Members along with the risks and benefits of continuing

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

litigation through trial and any subsequent appeals. Based on careful analysis and evaluation of the relevant factors, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate for all Class Members.

J.     Defendants have denied, and continue to deny, the allegations made by Named Plaintiff. Nevertheless, without admitting or conceding liability or damages, Defendants have agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement to minimize the burden, expense, and uncertainty of continuing to defend the Lawsuit, to minimize the diversion of resources and personnel required to continue defending the Lawsuit, and to put to rest the Released Claims.

K.     As a result of these and other appropriate considerations, Named Plaintiff, on behalf of himself and the Class Members, and Defendants have agreed to settle the Lawsuit as provided for herein.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereby agree to a settlement of the Lawsuit on the following terms and conditions:

## II.     Definitions

In addition to the terms defined elsewhere in this Agreement, the following terms used in this Settlement Agreement shall have the meanings set forth below:

A.     "Attorneys' Fee Award" means the attorneys' fees Plaintiff is entitled to pursuant to 29 U.S.C. §216(b) and A.R.S. § 23-364(G).

B.     "Change of Address Form" and "Information Form" means the forms mutually agreed upon by Class Counsel and Defendants and attached hereto as Exhibits **A** and **B** that may be completed and returned to the Settlement Administrator by Class Members and their estate representatives in accordance with Paragraph III.D.

C.     "Class Counsel" means the law firm of Yen Pilch Robaina Kresin PLC or any firm who is substituted as attorneys of record for Plaintiff and the Class Members and so notifies Defense Counsel.

D.     "Class" or "Class Members" means all individuals who worked as Helpers for

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

1    All My Sons Moving & Storage of Tucson between July 2, 2017 and June 28, 2022.

2          E.     "Costs" means those Plaintiff is entitled to pursuant to 28 U.S.C. § 216(b) and

3    A.R.S. § 23-364(G).

4          F.     "Rule 23 Class Notice" means the official notice of settlement of the Lawsuit,

5    materially in the form attached hereto as Exhibit **C** with any modifications required or

6    approved by the Court that the Settlement Administrator shall provide to the Class Members

7    as set forth in Section III.B.

8          G.     "Court" means the United States District Court for the District of Arizona.

9          H.     "Default" means the material breach of any provision of this Settlement

10   Agreement.

11         I.     "Defense Counsel" means the firm of Jackson Lewis P.C. or any firm who is

12   substituted as attorneys of record for Defendants and so notifies Class Counsel.

13         J.     "Employee Taxes" means the employee portion of all applicable payroll taxes

14   owed by the employee or more specifically those payroll taxes for which Settlement Class

15   Members bear responsibility in connection with the portion of their Individual Settlement

16   Amount that shall be treated as wages paid by All My Sons and which shall be withheld from

17   such Individual Settlement Amount and remitted to the appropriate taxing agencies pursuant

18   to the W-2 form.

19         K.     "Employer Taxes" means All My Sons' share of FICA, FUTA, and any payroll

20   taxes due on an Individual Settlement Payment or more specifically those payroll taxes, as

21   would be paid with other wage payments, and for which All My Sons bears responsibility in

22   connection with the portion of the Individual Settlement Amount that shall be treated as wages.

23   This amount will be paid by All My Sons separate and apart from the Settlement Amount.

24         L.     "Estate Representatives" means the court-appointed representative of any

25   deceased Settlement Class Member or, in the absence of a court appointed representative, the

26   surviving spouse, or, in the absence of a surviving spouse, the surviving children, or in the

27   absence of a surviving spouse or children, the surviving parents of the Settlement Class

28   Member.

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

M.     "Final Approval" means an order that finally and unconditionally grants final approval of the Settlement for settlement purposes only, authorizes payments to Participating Settlement Class Members, Named Plaintiff, and Class Counsel as provided in this Agreement, and fully and finally extinguishes the Released Claims of the Settlement Class Members as set forth herein. The proposed Final Approval Order is attached hereto at Exhibit **G**.

N.     "Final Fairness Hearing" means the hearing to be conducted by the U.S. District Court for the District of Arizona, Hon. Raner C. Collins, or any other court or judge taking jurisdiction of this matter, to determine whether to finally approve the settlement.

O.     "FLSA Opt-In Class Members" means the approximately 31 current and former Helpers who worked at All My Sons in Tucson, Arizona and who validly opted into this Lawsuit and did not subsequently withdraw his/her consent and whose names are set forth on Exhibit **E** page 1 hereto.

P.     "FLSA Notice" means the Notice in the form attached as Exhibit **D** which will be provided with each FLSA Opt-In Class Members' settlement check.

Q.     "Settlement Amount" means the sum of One Hundred Fifty Thousand Dollars ($150,000), which is the total amount Defendants have agreed to pay for damages to the Class, the Named Plaintiff's Service Award, and Plaintiff's administrative costs (to include the fees of the Settlement Administrator) and Employee Taxes.  The exclusion from this amount is the Attorneys' Fee Award and Costs (other than those of the Settlement Administrator), which the Parties have agreed will be decided by the Court, and the Employer Taxes.

R.     "Individual Settlement Amount" means the gross amount of the Settlement Amount to be paid to Settlement Class Members prior to deduction of applicable Employee Taxes pursuant to the terms of this Agreement.

S.     "Lawsuit" means the lawsuit entitled *Jose A. Vega v. All My Sons Business Development, LLC*, *et. al.* Case No. 4:20-cv-00284-RCC, pending in the United States District Court for the District of Arizona.

T.     "Named Plaintiff" means Jose A. Vega.

U.     "Notice Period" means the time period of forty-five (45) days from the first

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

mailing date postmarked on the first Notice of Rule 23 Settlement mailed by the Settlement Administrator.

V.     "Preliminary Approval Motion" means the motion to be submitted by Named Plaintiff seeking preliminary approval of the Settlement and ordering distribution of the Class Notice to Class Members.

W.     "Preliminary Approval Order" means the Court order or statement of decision granting preliminary approval to this Settlement Agreement. A copy of the proposed Preliminary Approval Order to be submitted with the Preliminary Approval Motion is attached hereto as Exhibit **F**.

X.     "Released Claims" means the claims released pursuant to Section VI of this Agreement.

Y.     "Released Parties" means Defendants.

Z.     "Rule 23 Class Members" means all current and former employees of All My Sons who worked as Helpers in Tucson, Arizona between July 2, 2017, and June 28, 2022.

AA.   "Class Members" means Rule 23 Class Members and FLSA Opt-Ins.

BB.   "Service Award" means the Court-approved sum to be paid to Named Plaintiff in accordance with Section IV.B of this Agreement.

CC.   "Settlement Administrator" means the entity to be selected by Plaintiff to provide the Class Notice pursuant to this Agreement to Class Members, to make payments to such Class Members, and to perform other related functions to administer the settlement contemplated by this Agreement as described herein.

DD.   "Settlement Class Members" means all FLSA Opt-In Class Members and each Rule 23 Class Member who does not exclude themselves from this Settlement.

EE.   "Settlement Effective Date" means the date that the Court's approval of the settlement becomes final and is no longer subject to appeal.  In the event the Court's approval is appealed, the Settlement Effective Date shall be the date the Settlement is finally approved, and all appellate rights have been exhausted.

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

**III.    Settlement Procedures**

      **A.**    <u>Preliminary Approval Motion and Order.</u>  Named Plaintiff shall file the unopposed Preliminary Approval Motion with the Court for entry of the Preliminary Approval Order of the Agreement (a form of Order is attached as Exhibit **F**).  The Preliminary Approval Motion shall request that the Court set a date and time for the Fairness Hearing and approve distribution of the Class Notices and Information Forms (Exhibits **A-D**).

      **B.**    <u>Rule 23 Class Notification.</u>  The Settlement Administrator shall provide the Rule 23 Notice and Information Forms in the form agreed to by the Parties and attached hereto as Exhibits **A**, **B** and **C**, with any changes or modifications ordered by the Court to each Rule 23 Class Member within 14 days of entry of the Preliminary Approval Order.  Notice will be sent by first-class mail and email to all known physical and electronic addresses of Class Members. If Class Notices are returned for insufficient address, the Settlement Administrator shall conduct one skip trace and/or such other reasonable steps to ensure notice is provided to Class Members.  An alert about the settlement will also be sent via text message by Class Counsel to all known phone numbers of Class Members directing them to the Settlement Administrator for more information about the Settlement.

      **C.**    <u>FLSA Opt-In Class Members' Notification.</u>  The Settlement Administrator shall provide the FLSA Opt-In Class Members Notice in the form agreed to by the Parties and attached hereto as Exhibit **D**, with any changes or modifications ordered by the Court, to each FLSA Opt-In Class Member in connection with distribution of their FLSA settlement check.

      **D.**    <u>Information Forms.</u>  The Settlement Administrator will promptly notify a Class Member or Estate Representative if it receives an Information Form that is incomplete, is inconsistent with other submissions or contains known errors, is not timely and/or otherwise valid and, the Settlement Administrator shall afford the Class Member an opportunity to resubmit the form or reconcile any inconsistencies up to one week before the Final Fairness Hearing.  If there are any disputes regarding the timeliness, validity, or effectiveness of submission of an Information Form, the Parties will work in good faith to resolve the dispute and, if they are unable to do so, such dispute shall be decided by the Court.

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

E.   Payment of Administrative Costs.  The Settlement Administrator will be paid from the Settlement Amount.

F.   Duties of Settlement Administrator.  Duties of the Settlement Administrator shall include without limitation:

(i)   compiling the lists of opt-outs received, objections received, mailings sent and returned, answering inquiries and referring issues to Class Counsel, and keeping Class Counsel and Defense Counsel apprised weekly of these and other pertinent activities;

(ii)   handling all mailings and email to the Settlement Class Members;

(iii)   tracing undeliverable mailings and taking any other reasonable steps to ensure delivery of mailings;

(iv)   recording and tracking responses to the mailing to the Class Members (including recording the identity of any Class Member who submits a request for exclusion);

(v)   issuing and mailing the Individual Settlement Amount and making electronic transfers of the Individual Settlement Amount to Settlement Class Members who provide information enabling the Settlement Administrator to make such transfers;

(vi)   reporting the Defendants' payment of the Individual Settlement Amount to all required taxing and other authorities and ensuring that all Settlement Class Members receive on behalf of the Defendants the appropriate 1099 and W-2 forms;

(vii)   taking appropriate withholdings from the Individual Settlement Amount;

(viii)   remitting all Employee Taxes to the proper authorities;

(ix)   establishing a Qualified Settlement Fund ("QSF") pursuant to Section 468B(g) of the Internal Revenue Code, and regulations promulgated thereunder for the purpose of administering this settlement;

(x)   transmitting all objections from Class Members, and exclusions of Class

-8-

1    Members to Class Counsel and counsel for Defendants on a weekly basis or

2    more frequently if requested;

3    (xi)    sharing updates and information equally with both Parties; and

4    (xii)   other related tasks as mutually agreed to by the Parties or ordered by the Court.

5    G.    Issuance of Notice Under the Class Action Fairness Act.  Pursuant to the Class

6  Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 ("CAFA"), Defendants

7  shall prepare and serve the notices required by CAFA, including the notices to the United

8  States Department of Justice and to the Attorneys General of all states in which Settlement

9  Class members reside, as specified by 28 U.S.C. § 1715, within ten (10) days of the filing of

10  the Preliminary Approval Motion. Defendants shall give written notice to Class Counsel when

11  the CAFA notices have been served.

12    H.    Final Fairness Hearing.  In the Preliminary Approval Motion, Named Plaintiff

13  shall request that the District Court set a Fairness Hearing to determine the fairness,

14  reasonableness, and adequacy of the settlement, the dismissal with prejudice of the claims of

15  the Named Plaintiff and the Class Members who do not opt out against Defendants, and the

16  request by Class Counsel for a Service Award to Named Plaintiff.  At least fourteen (14) days

17  before the Final Fairness Hearing, the Settlement Administrator shall prepare a declaration of

18  due diligence and proof of mailing with regard to its mailing of the Rule 23 Class Notice,

19  attempts by it to locate Class Members, its receipt of objections and requests to appear at the

20  Final Fairness Hearing, its receipt of requests for exclusion, and its inability to deliver the

21  Notice of Settlement to Class Members due to invalid addresses ("Due Diligence

22  Declaration"), to Class Counsel and Defense Counsel for presentation to the Court. Class

23  Counsel shall be responsible for filing the Due Diligence Declaration with the Court.

24  **IV.    Calculation of Individual Settlement Amounts**

25    The Settlement Amount will be apportioned as follows:

26    A.    Allocation Formula.  Settlement Class Members' Individual Settlement Amount

27  will be paid from the Settlement Amount and determined according to an allocation formula

28  based on Class Counsel's calculation of damages that takes into account various factors based

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

on the underlying FLSA and Rule 23 claims, including: estimated number of hours and shifts worked in a workweek, alleged bonuses not paid, alleged overtime not compensated for, alleged minimum wage not compensated for, and the net amount paid to each Settlement Class Member for their applicable claims.  The Settlement Amount shall be allocated based on the fractional share each Settlement Class Member's damages as indicated on Exhibit **E**.  Class Counsel shall also submit a copy of Exhibit **E** listing all such Individual Settlement Payments to the Court with the Preliminary Approval Motion for an *in camera* inspection.  In the event the Court disallows an *in camera* inspection of Exhibit **E**, the Parties agree that Exhibit **E** can be submitted for approval or otherwise in accordance with the Court's Order.  The Settlement Administrator shall include each Class Member's estimated Individual Settlement Amount in their individualized Class Notice, and the FLSA Opt In Class Members will receive their FLSA settlement amount with their checks. The Class Notice shall state that the Individual Settlement Amount may be more or less and may be adjusted based on the determinations by the Court or in the event Class Counsel receive new or corrected information from All My Sons.

B.     Named Plaintiff's Service Award.  The Parties agree that Named Plaintiff may apply to the Court for a Service Award in the amount of Ten Thousand Dollars ($10,000) to be paid from the Settlement Amount and All My Sons will not oppose that amount.  The amount to be awarded as a Service Award shall be paid from the Settlement Amount based on the sound discretion of the Court and any changes from the amount sought shall not affect the validity of the Settlement. The amount to be awarded as a Service Award shall be distributed by the Settlement Administrator without any deductions or withholdings.  The Settlement Administrator will provide the Named Plaintiff with a Form 1099 for any amount paid as a Service Award.  If the amount of the Service Award awarded by the Court is less than the $10,000 agreed upon by the Parties, the remaining funds shall be distributed *cy pres* to the National Institute for Workers' Rights.

C.     Administrator Costs.   The Parties agree that the costs for the Settlement Administrator will be paid from the Settlement Amount.

D.     Attorneys' Fee Award and Costs.  The Parties agree that Named Plaintiff and

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

1    Class Counsel shall apply to the Court for a determination of the Attorneys' Fee Award and

2    Costs. The Parties agree that the Attorneys' Fee Award and Costs awarded by the Court will

3    not be paid from the Settlement Amount. The Attorneys' Fee Award and Costs shall be paid

4    by Defendants in addition to the Settlement Amount and the amount awarded shall not affect

5    the validity of the settlement. The Parties agree that Plaintiff and Class Counsel are eligible

6    for, and are statutorily entitled to, their reasonable attorneys' fees and Costs pursuant to 29

7    U.S.C. § 216(b) and A.R.S. § 23-364(G).

8    **V.      Timing and Method of Amounts Due Hereunder**

9          Defendants will fund the Settlement Amount by depositing such amount with the

10   Settlement Administrator, subject to the following conditions.

11         A.     <u>Payment.</u>  Defendants shall pay the Settlement Amount to the Settlement Class

12   Members by depositing the Settlement Amount with the Settlement Administrator within 15

13   days of Final Approval. Assuming the Court does not modify any of the amounts agreed to

14   by the Parties, the Settlement Amount is not subject to reversion and shall be distributed by

15   the Settlement Administrator. To the extent the individual aspects of the Settlement Amount

16   (Individual Settlement Amounts, Administrative Costs or Service Award) are modified by the

17   Court, any remaining funds from the Settlement Amount shall be distributed *cy pres* to the

18   National Institute for Workers' Rights and such modifications will not affect the validity of

19   the settlement. However, to the extent the Court does not approve the full Settlement Amount

20   of $150,000, this Settlement will become null and void and the Parties and their attorneys

21   agree to cooperate in good faith to either enter into a modified settlement or agree that the

22   Lawsuit will resume as if no Agreement were reached.

23         B.     <u>Timing of Individual Settlement Amount.</u>  The Individual Settlement Amount to

24   Settlement Class Members shall be made by the Settlement Administrator by check within ten

25   (10) days following the Settlement Effective Date. If an Individual Settlement Payment cannot

26   be made within ten (10) days following the Settlement Effective Date, and the Settlement

27   Administrator has so informed the Parties' counsel, then the Settlement Administrator shall

28   make such payments as soon as possible.

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

C.      Tax Treatment of Payments.  For tax purposes, each Individual Settlement Payment will be treated as wages from All My Sons reported on IRS Form W-2. The Settlement Administrator shall calculate and withhold appropriate amounts for Employee Taxes from those wages and pay all such withheld funds to the appropriate state and federal taxing authorities from the Individual Settlement Payment.  The Settlement Administrator is responsible for calculating the corresponding share of Employer Taxes and once the Employer Taxes are calculated and received from All My Sons separate and apart from the Settlement Amount, the Settlement Administrator will be responsible for paying all such taxes to the appropriate state and federal taxing authorities.  The Settlement Administrator will provide to the Parties records of what was paid to each Settlement Class Member and records of the W-2 forms issued to Settlement Class Members.  Neither Class Members, Class Counsel nor Named Plaintiff shall bear any responsibility for any required Employer Taxes relating to this settlement. All Settlement Class Members will be specifically informed that neither Defendants nor Class Counsel make any representations regarding the tax implications of any amounts paid under this Settlement Agreement and that if any Settlement Class Member has any questions regarding those implications, they can and should consult a tax professional.

The Settlement Administrator shall provide each Settlement Class Member who is entitled to an Individual Settlement Payment with an IRS Form W-2 reflecting the wages and the taxes withheld from those wages.  Settlement Class Members agree not to hold Class Counsel or Defendants responsible for any taxes, interests, penalties, and/or costs associated with any taxes Settlement Class Members owe in connection with their Individual Settlement Amount.

D.      Verification of Individual Settlement Amount.  The Settlement Administrator shall verify that Individual Settlement Amount payments are made to the Settlement Class Members, and this verification and proof of payment shall be filed with the Court and provided to the Parties.  Any checks issued to Settlement Class Members shall remain valid and negotiable for six (6) months from the date of their mailing.  At least one month prior to the conclusion of each six-month check cashing period, the Settlement Administrator shall make

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

1 reasonable attempts to locate and inform the Settlement Class Members whose checks have
2 not been cashed that their right to payment may be terminated if the checks are not cashed.
3 Such reasonable efforts shall include at least one skip trace for each Settlement Class Member
4 whose check remains uncashed if the Settlement Class Member cannot be located.  Within
5 seven (7) business days of the conclusion of any six-month check cashing period, the
6 Settlement Administrator shall inform the Parties regarding the status of any uncashed checks,
7 including the amount and the identity of the corresponding Settlement Class Member with an
8 uncashed check.  Within ten (10) business days of the conclusion of any six-month check
9 cashing period, the Settlement Administrator will file a declaration with the Court regarding
10 the status of uncashed checks and any unclaimed Individual Settlement Amount, including the
11 identities of the Settlement Class Members with an uncashed check. If any Settlement Class
12 Member does not cash his or her settlement check provided reasonable efforts have been made
13 to locate the Settlement Class Member, the funds shall be distributed *cy pres* to the National
14 Institute for Workers' Rights.

15      E.    <u>Timing and Method of Payment of Service Award.</u>  The Service Award shall be
16 paid by the Settlement Administrator in accordance with the Court's Final Approval Order and
17 this Settlement Agreement and reported by the Settlement Administrator on IRS Form 1099
18 (checking Box 3) without any withholdings.  Named Plaintiff receiving a Service Award shall
19 be responsible for all taxes associated with the Service Award payment.

20      F.    <u>Timing and Method of Payment of Administrative Costs.</u>  The Administrative
21 Costs shall be paid to the Settlement Administrator in accordance with the Court's Final
22 Approval Order and this Settlement Agreement.

23      G.    <u>Timing and Method of Payment of Attorneys' Fees and Costs to Class Counsel.</u>
24 The Parties were not able to agree on the amount of reasonable attorneys' fees for the
25 Attorneys' Fee Award or which expenses qualified as Costs under the statutes.  As noted in
26 the Minute Entry regarding the settlement conference with Magistrate Macdonald (Dkt. 164),
27 the Parties agreed that Plaintiff's counsel would submit a fee application and Defendants
28 counsel will respond to the application with objections.  Within sixty days of the Settlement

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

1   Effective Date, Plaintiff shall submit an application for the Attorneys' Fee Award and Costs

2   to the Court and a memorandum in support thereof pursuant to L.R.Civ. 54.1 and 54.2.

3   Defendants may file a response under L.R.Civ. 54.1 and 54.2 within 30 days after Plaintiff

4   files the application and Plaintiff may file a reply within 30 days after Defendants file their

5   response.  For purposes of the Court's determination of the Attorneys' Fee Award and Costs,

6   the Settlement Amount will be treated the same as an award to a prevailing party under

7   L.R.Civ. 54.1 and 54.2 and FRCP 54(d) with respect to amounts paid to the FLSA Opt-In

8   Class Members or the Arizona Wage Statute claims of Rule 23 Class Members who do not opt

9   out of the settlement.  The amount awarded by the Court for Plaintiff's attorneys' fees and

10  Costs shall be paid by All My Sons in addition to the Settlement Amount.  Attorneys' fees and

11  costs to Class Counsel approved by the Court shall be paid by All My Sons to the Settlement

12  Administrator who will distribute the attorneys' fee and costs to Class Counsel as directed and

13  report the distribution(s) on IRS Form 1099 as appropriate.

14  **VI.    Release of Claims**

15          A.      Release of Claims of FLSA Opt-In Class Members.   Upon the Settlement

16  Effective Date, FLSA Opt-In Class Members, including the Named Plaintiff, shall be deemed

17  to have irrevocably and unconditionally released and discharged the Released Parties with

18  respect to all claims for unpaid wages in the Lawsuit brought under the FLSA through the

19  date of entry of the Final Approval Order, which are alleged in Counts I and II of the

20  Collective Action and Class Action Complaint filed on July 2, 2020.  Except as expressly

21  provided in this Settlement Agreement in Section IV(D) and V(G) and upon the Settlement

22  Effective Date, all Parties including Named Plaintiff, Settlement Class Members, and All My

23  Sons shall be responsible for their own attorneys' fees and costs and waive any claim to seek

24  attorneys' fees, costs or expenses from any Party arising from the Lawsuit.

25          B.      Release of Claims of Rule 23 Class Members.  Upon the Settlement Effective

26  Date, Rule 23 Class Members, including the Named Plaintiff, who do not opt out of the

27  Settlement shall be deemed to have irrevocably and unconditionally released and discharged

28  the Released Parties with respect to all claims for unpaid wages in the Lawsuit brought under

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

the Arizona Wage Statute through the date of entry of the Final Approval Order, which are alleged in Counts  III and IV of the Collective Action and Class Action Complaint filed on July 2, 2020. Except as expressly provided in this Settlement Agreement in Section IV(D) and V(G) and upon the Settlement Effective Date, all Parties including Named Plaintiff, Class Members, and All My Sons shall be responsible for their own attorneys' fees and costs and waive any claim to seek attorneys' fees, costs or expenses from any Party arising from the Lawsuit.

      C.      Count V of the Collection Action and Class Action Complaint filed on July 2, 2020 alleged a claim for civil penalties related to Paid Sick Time under Arizona law.  Count V was dismissed by the Court in accordance with its February 1, 2022 Order granting All My Sons' Motion for Judgment on the Pleadings regarding Count V, and Plaintiff agrees not to appeal the Court's Order resulting in dismissal of Count V.

**VII.**    **Class Members' Rights to Opt-Out of the Settlement**

      A.      <u>Opt-Out Procedures.</u>  Any Rule 23 Class Member who wishes to opt out of the Settlement pursuant to Fed. R. Civ. P. 23(b)(3) may do so provided he or she submits to the Settlement Administrator a written request setting forth the following: (1) the Class Member's name; (2) the Class Member's mailing address and phone number; and (3) the statement "I want to be excluded from the All My Sons Settlement."  To be timely, a written request to be excluded from the Classes must be postmarked on or before fourteen (14) days prior to the date set for the Final Fairness Hearing or other such date established by the Court and must be hand delivered or mailed, with sufficient postage prepaid and affixed. The Settlement Administrator shall notify the Parties of any Class Member exclusion requests received on a weekly basis, or more frequently if requested by the Parties, and shall notify the Court of such exclusions prior to the Final Fairness Hearing. Any Party who receives an opt-out notice shall immediately inform the other Party and Settlement Administrator and provide a copy of such opt-out request. Nothing shall prevent a Class Member from withdrawing their opt-out request and submitting a Claim Form within the Notice Period.

      B.      <u>Consequences of Failure to Request Exclusion on a Timely Basis.</u>  Any Class

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

Member (or his or her attorney) who fails to comply with the provisions of Sections VII & VIII shall waive any rights the Class Member may have to opt out of the Settlement Class and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Lawsuit.

**VIII.  Class Members' Rights to Object to Settlement and Deadlines to File Papers in Support of or in Opposition to Settlement.**

A.  <u>Objection Procedures.</u>  Any Rule 23 Class Member who does not opt out of the Lawsuit pursuant to Section VII and who wishes to object to the fairness, reasonableness, or adequacy of this Settlement Agreement, their Individual Settlement Payment, or Service Award, must serve on the Settlement Administrator as designated in the Class Notice, no later than twenty-one (21) days before the Final Fairness Hearing, or such other date ordered by the Court, a statement of the objection, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of the objection. Any Class Member who files and serves a written objection, as described herein, may appear at the Final Fairness Hearing and request to be heard with respect to the objection timely filed in accordance with this Paragraph. The Settlement Administrator shall notify the Parties of any objections received on a weekly basis, or more frequently if requested by the Parties. Any Party who receives an objection shall immediately inform the other Party.

B.  <u>Right of Class Members to Have an Attorney Represent Them at Their Own Expense.</u>  Class Members filing a written objection or appearing at the Final Fairness Hearing in accordance with this Section VIII may do so either on their own or through an attorney hired at their own expense. If a Class Member hires an attorney to represent him or her (at his or her own cost and expense), the attorney must file a notice of appearance with the Clerk of the District Court no later than fourteen (14) days before the Final Fairness Hearing and serve a copy of such notice of appearance on the Settlement Administrator.   The Settlement Administrator shall notify the Parties of any Notice of Appearance by a Class Member's separate counsel on a weekly basis, or more frequently if requested by the Parties.  Any Party

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

1   who receives a Notice of Appearance by a Class Member's separate counsel shall immediately

2   inform the other Party.

3          C.      Consequences of Failure to Submit Objection on a Timely Basis.  Any Class

4   Member (or his or her attorney) who fails to comply with the provisions of Section VII shall

5   waive any rights the Class Member may have to appear separately and/or to object and shall

6   be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in

7   the Lawsuit.

8          D.      Replies to Objections and Papers in Support of Settlement.  The Parties may file

9   written replies to objections submitted in accordance with this Section and other papers in

10  support of the Settlement, including motions for Final Approval, no later than seven (7)

11  calendar days before the Final Fairness Hearing.

12  **IX.     Effect of Failure to Grant Final Approval**

13         If the Court does not grant Final Approval of the Settlement or if the Court's Final

14  Approval order is reversed or materially modified on appeal, then this Settlement will become

15  null and void and the Lawsuit will resume as if no Agreement were reached. Any changes to

16  the Service Award, including on appeal, will not affect the validity of the Settlement

17  Agreement.   If the Court fails to grant Final Approval, this Settlement and any agreement

18  related thereto, is null and void, and is not admissible as evidence in any proceeding.

19  **X.      Miscellaneous**

20         A.      No Retaliation.  Defendants shall not retaliate against any Settlement Class

21  Member for any reason based on their participation in the Lawsuit including on the basis of

22  the Settlement Class Member's participation in the Lawsuit or the Settlement Class Member's

23  determination to opt-out of the Settlement.  Defendants and their agents, managers, supervisors

24  or attorneys shall take no action or make statements designed to induce a Class Member to

25  exclude themselves from the Settlement or to discourage a Settlement Class Member from

26  participating in the Settlement.

27         B.      Court Retains Jurisdiction To Enforce Agreement.  The Court shall retain

28  jurisdiction with respect to the implementation and enforcement of the terms of the Settlement

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

1  Agreement including administration of payments to the Settlement Class, to the extent

2  permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of

3  implementing and enforcing the Settlement Agreement.  Any action to enforce this Settlement

4  Agreement shall be commenced and maintained only in this Court.

5        C.    Cooperation Clause.  The Parties and their attorneys agree to cooperate in good

6  faith to effectuate the Settlement of the Lawsuit, including securing the Court's approval of

7  the Settlement Agreement, assisting with the administration of the Settlement in accordance

8  with the terms of this Agreement, providing information reasonably requested by the other

9  Party and obtaining Final Approval.

10       D.    No Admission of Wrongdoing.  Neither the fact of Settlement nor the payment

11  of any funds toward the Settlement by All My Sons shall be deemed an admission of liability,

12  and nothing in this Settlement Agreement shall constitute an admission by the Named Plaintiff

13  or Class Members concerning the merits, or lack thereof, of the claims set forth in the Lawsuit.

14       E.    Counterparts.  This Agreement may be executed in one or more counterparts,

15  each of which shall be deemed to be an original copy of this Settlement Agreement and all of

16  which, when taken together, will be deemed to constitute one and the same agreement.  The

17  exchange of copies of this Settlement Agreement and of signature pages by facsimile

18  transmission or other electronic means will constitute effective execution and delivery of this

19  Settlement Agreement as to the Parties and may be used in lieu of the original Settlement

20  Agreement for all purposes.  Signatures of the Parties transmitted by facsimile or other

21  electronic means will be deemed to be their original signatures for any purpose whatsoever.

22       F.    Resolution of Disputes.  All disputes relating to the Settlement Administrator's

23  performance of its duties under the terms of this Settlement Agreement will be referred to the

24  Court, if necessary, which will have continuing jurisdiction over this settlement until all

25  payments and obligations contemplated by this Settlement Agreement have been fully and

26  completely performed, regardless of dismissal.

27

28

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

For Defendants:

_____
Jose A. Vega, Plaintiff

By:_____

Date: _____08 / 14 / 2023_____

Date: _____

-19-

1

2

3

_____
Jose A. Vega, Plaintiff

4

5

Date: _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

For Defendants:

By: _____
Chris Generale- President
ALL my sons
Date: _August 8, 2023_____

# EXHIBIT A

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

### *VEGA v. ALL MY SONS BUSINESS DEVELOPMENT, LLC, et al*
### *United States District Court*
### *District Of Arizona*
### *Case No.  CV20-00284*
### *(the "Lawsuit")*

_____, Settlement Claims Administrator

_____

Ph. _____

**CHANGE OF ADDRESS FORM**

**Keep Your Address & Contact Information Current**:  Use this form to notify the Settlement Administrator whenever you change your mailing address, telephone number or email address.

**Complete and Email or Mail this Form**.  Complete all the information on this form and email or mail to the Settlement Administrator at this address:

_____, Settlement Claims Administrator
Attn: All My Sons Class Settlement

_____
_____

| Changes, if any (Please print legibly): |
|---|
| Name: _____ |
| Last 4 digits of SSN: _____ |
| Street: _____ |
| City, State, Zip: _____ |
| Telephone: _____ |
| Mobile/Cell:_____ |

**Executed on**  _____, 20_____.
                   (month and day)

**Signature:**  _____

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

# EXHIBIT B

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

*VEGA v. ALL MY SONS BUSINESS DEVELOPMENT, LLC, et al*
*United States District Court*
*District Of Arizona*
*Case No. CV20-00284*
*(the "Lawsuit")*

_____, Settlement Claims Administrator
_____
Ph. _____

## INFORMATION FORM INSTRUCTIONS

**Attached is a form to help ensure timely and proper payment if you are entitled to an Individual Settlement Amount. Please read these instructions carefully to learn whether any of part of this form apply to you and, if so, how to fill out and return the form.**

**If your address is correct and you do not want to submit tax reporting information or if you do not need to report a deceased Class Member, you do NOT need to complete any part of this form to receive your Individual Settlement Amount.**

**HOWEVER, IF ANY PART OF OF THIS FORM APPLIES TO YOU, YOU MUST COMPLETE THE FORM, SIGN, DATE AND RETURN IT BY EMAIL OR MAIL POSTMARKED BY _____, 2023.**

For more information about the Settlement, how your Individual Settlement Amount will be calculated, and your rights, please see the enclosed Class Notice. You may also obtain additional information by contacting the Settlement Administrator at the phone number above.

The steps for filling out part of this Information Form are:

1.  **Part 1 - Check Your Address**. Please note any changes to your name or address information in the space provided next to your pre-printed name and address.

2.  **Part 2 - Provide Tax Reporting Information (optional).** As explained in the Class Notice, the Individual Settlement Amount you receive will be paid and reported as wages on an IRS Form W-2. You may provide the Settlement Administrator with a Form W-4, a copy of which is included on Form 1. If you do not do so, taxes will be withheld and reported based on the single rate.

3.  **Part 3 - Provide information about a deceased Class Member, if applicable**. If the individual to whom this Class Notice is addressed is deceased, you need to provide a death certificate to the Claims Administrator and documentation showing that you are the court-appointed estate representative or if there is no court appointed representative, documentation showing you are the surviving spouse, the surviving child or the surviving parents of the individual to whom the Class Notice is addressed. We also may need to contact you for additional information so please make sure you include current contact information in Part 1 of this Information Form.

4.  **Sign and Date the Form**. If you complete any part of this Information Form, it must be signed personally by the individual to whom the Notice of Rule 23 Class Action Settlement was addressed who would like to receive payment of an Individual Settlement Amount as explained in the Class Notice or by someone with a legal right to act on behalf of the Class Member to whom the Class Notice is addressed.

5. **Complete and Return or Mail the Form**.  If you complete any part of thie Information Form, please sign and return it by email or First Class United States Mail to the Settlement Claims Administrator.

**This Information Form must be completed and emailed or mailed to the Settlement Claims Administrator by First Class United States Mail, postmarked by _____, 2023.**

**PART 1 - CHANGE OF INFORMATION FORM**

**Please complete this part and email it or mail it to the Settlement Administrator by First Class United States Mail, postmarked by _____, 2023.**

**PERSONAL INFORMATION**

  This is the most current contact information that we have for you.  Please make any necessary changes where indicated.

  [Settlement Administrator to Insert]

<u>Changes, if any:</u>

Name: _____

Street: _____

City, State, Zip: _____

Telephone: _____

Mobile/Cell:_____

Email:_____

Check here if you are participating in this Settlement on behalf of a deceased Class Member and fill out Part 3 below:

_____

  By signing below, I confirm the information provided above is correct.

**Executed on  _____, 2023.**
      (month and day)

**Signature:  _____**

## PART 2 - TAXPAYER INFORMATION

**Please complete this part and email it or mail it to the Settlement Administrator by First Class United States Mail, postmarked by _____, 2023.**

---

**Substitute W-9**
**Taxpayer Identification Number Certification**

Enter your Social Security Number:   __ __ __ -- __ __ -- __ __ __ __

Print name and address as shown on your income tax return:

First Name: _____   Last Name: _____

Address: _____

City: _____   State: _____   Zip Code: _____

Under penalties of perjury, I certify that:

1.  The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**
2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**
3.  I am a U.S. person (including a U.S. resident alien).

Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

Signature
of U.S. Person: _____   Date: _____

---

**PART 3 - ESTATE REPRESENTATIVE FORM**
TO BE COMPLETED ONLY IF THE CLASS MEMBER IS DECEASED

**Please complete this part and email it or mail it to the Settlement Administrator by First Class United States Mail, postmarked by _____, 2023.**

If the Class Member to whom the Class Notice is addressed has died, please complete the following. You will also need to enclose a death certificate along with documentation that you are the court-appointed estate representative of the deceased Class Member. If there is no court-appointed representative, please provide information showing that you are the surviving spouse such as a marriage certificate. If there is no surviving spouse, please provide us with information showing you are the child or parents or the deceased Class Member, such as a birth certificate.

If you have questions about this part, please contact the Settlement Administrator at the phone number on the first page of this Information Form.

Name of Class Member: _____

Date of Death of Class Member: _____

Last 4 digits of SSN of Class Member: _____

Your name: _____

Your address:_____

_____

Phone number where we can reach you with questions: _____

Your Email address:_____

Estate tax id or SSN of person claiming on behalf of the deceased Class Member: _____

Is there a court-appointed estate representative for the deceased class member? Yes ___  No ____.  If so, are you the court-appointed estate representative?  Yes ____  No_____

If you are not the court-appointed estate representative, please tell us who is the court-appointed estate representative, if any, and provide contact information:

_____

_____

Check the box that describes your relationship to the deceased class member:

_____ Court-appointed estate representative.

_____ Surviving spouse

_____ Child

_____ Parent

By signing below, I certify the foregoing information is correct and give my consent to receive an Individual Settlement Amount determined by the allocation formula as approved by the Court in this Lawsuit.

**Executed on** _____**, 2023.**
          (month and day)

**Signature:** _____

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

# EXHIBIT C

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jose A. Vega, on behalf of himself and all those similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>All My Sons Business Development, LLC, a Delaware limited liability company; All My Sons Moving & Storage of Tucson LLC, a Delaware limited liability company; All My Sons Moving & Storage of Phoenix LLC, a Delaware limited liability company, | Case No. 4:20-cv-00284-RCC<br><br>**NOTICE OF RULE 23 CLASS ACTION SETTLEMENT** |

**[Settlement Administrator to insert Name]**
Address: [Settlement Administrator to insert]
You are: A Rule 23 Class Member
Your estimated Individual Settlement Amount is: $ _____ [Settlement Administrator to insert].

This Notice is being sent to all Rule 23 Class Members. If you previously submitted a Consent Form to Opt-In to the FLSA Collective Action portion of this lawsuit, you will receive information regarding your FLSA claim in addition to this Rule 23 Notice.

**PLEASE READ THIS NOTICE CAREFULLY**
***A federal court has authorized this Notice. This is not a solicitation from a lawyer.***

To: current and former Helpers who worked at All My Sons' Tucson, Arizona location between July 2, 2017 and June 28, 2022.

A Settlement Agreement has been reached in this lawsuit for claims of unpaid wages, including unpaid overtime, straight time and minimum wage. This Court-approved Class Notice explains the Lawsuit, the proposed settlement that may affect you, your rights and

1

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

obligations, and to instruct you on the procedure for taking part in the settlement of the Lawsuit if you wish to do so.[1]

If the addressee of this Notice is deceased, then the Class Member's court-appointed Estate Representative, surviving spouse, children or next of kin may contact the Settlement Administrator for additional information about participation in the settlement. The Administrator's contact information is listed at the end of this Notice.

## WHAT IS THIS LAWSUIT ABOUT?

A former All My Sons' Tucson, Arizona Helper, Jose A. Vega (hereafter "Named Plaintiff"), filed this Lawsuit on July 2, 2020 in the United States District Court for the District of Arizona on behalf of himself and other individuals working as Helpers in the All My Sons' Tucson, Arizona location. The Named Plaintiff alleged that the All My Sons Defendants named in the lawsuit (hereafter collectively referred to as "All My Sons") failed to pay him, and others similarly situated, properly under the Fair Labor Standards Act (referred to as "FLSA") and Arizona wage laws, including having failed to pay for all wages and all hours worked and failed to pay overtime and the minimum wage for hours worked. These claims for violations of the FLSA and Arizona wage laws are referred to in this Notice as the "Class Claims." The Class Claims were certified by the Court to proceed as a collective and class action.  The Defendants denied and continue to deny all of Named Plaintiff's allegations.

The Named Plaintiff and All My Sons have reached a Settlement Agreement that is designed to settle all claims for unpaid wages that were asserted or could have been asserted in the Lawsuit including the Class Claims.

If you are a Rule 23 Class Member, you may be eligible to participate in this Settlement if it is finally approved by the Court and any appeal rights have been exhausted.

If you previously submitted a Consent Form to Opt-In to the FLSA Collective Action portion of this lawsuit, you will receive information regarding your FLSA claim in addition to this Rule 23 Notice.

## WHO IS IN THE CLASS?

If you meet the following definition, you are a Rule 23 Class Member. If you do not meet this definition, you are not a Class Member even if a copy of this Notice was mailed to you.

---

[1] All capitalized terms are defined in the Settlement Agreement, which you may obtain through the Settlement Administrator using the information on the last page of this Class Notice.

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

"**Rule 23 Class Members**" includes current and former Helpers who worked at the All My Sons' Tucson, Arizona location between July 2, 2017 and June 28, 2022 who did not opt out of this Lawsuit and whose names are set forth on an exhibit to the Settlement Agreement identifying then as Rule 23 Class Members.

You may contact the Settlement Administrator identified in this Class Notice to verify if you are listed on the Rule 23 Class Member list.

If anyone meeting the definition of a Class Member has died, their Estate Representative may be entitled to receive the Class Member's Individual Settlement Amount. The Estate Representative must complete and send an Estate Representative Form (Part 3 of the Information Form, as provided in the instructions to the Information Form enclosed herewith).  An Estate Representative is defined in the Settlement Agreement as "the court-appointed representative of any deceased Settlement Class Member or, in the absence of a court-appointed representative, the surviving spouse, or, in the absence of a surviving spouse, the surviving children, or in the absence of a surviving spouse or children, the surviving parents of the Settlement Class Member."

## HOW ARE INDIVIDUAL SETTLEMENT AMOUNTS CALCULATED UNDER THE SETTLEMENT AGREEMENT?

The total amount of the Settlement (which is defined as the "Settlement Amount" in the Settlement Agreement) is One Hundred and Fifty Thousand Dollars ($150,000.00).  This money will be used to pay the Class Members for their claims against All My Sons, the costs to administer the Settlement, and Named Plaintiff's Service Award as explained further below.  All My Sons will also pay Class Counsel an amount for attorneys' fees and litigation costs to be determined by the Court.  This amount will be paid in addition the Settlement Amount and will not affect the amount available to pay Class Members.

**Deductions from the Settlement Amount**:  Before the Settlement Amount is divided among the Class Members, amounts approved by the Court will be deducted including: (1) the amount necessary to pay for the costs of a Settlement Administrator to administer the settlement, including, but not limited to, the cost of sending this Class Notice and the cost of sending the money to the Class Members if the settlement is approved, estimated to be $13,000; and (2) up to $10,000 to Named Plaintiff as an Service Award based on the work performed by Named Plaintiff in conjunction with bringing this Lawsuit and assisting Class Counsel and to compensate him for his time and effort in making this settlement possible.

**Formula for Calculating Individual Settlement Amount**: The Settlement Amount, less the Administrative Costs and Named Plaintiff Service Award, shall be used to pay the Named Plaintiff and the Class Members. The Net Settlement Fund will be divided among

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

the approximately 430 Class Members based on a calculation of each Class Member's total settlement damages as calculated by Class Counsel.

The Individual Settlement Payments have been calculated uniformly by Class Counsel and applied uniformly to every Class Member. The formula is derived from Named Plaintiff's unpaid wage allegations in the Lawsuit and is based on Class Counsel's analysis of the relative strengths and weaknesses of the Rule 23 Class Members and FLSA Opt-In Class Members' unpaid wage claims that are settled herein. The allocation formula takes into account various factors based on the underlying FLSA and Rule 23 claims, including: estimated number of hours and shifts worked in a workweek, alleged bonuses not paid, alleged overtime not compensated for, alleged minimum wage not compensated for, and the net amount paid to each Class Member.

Individual Settlement Payments are calculated based on whether a Class Member is a FLSA Opt-In Class Member, a Rule 23 Class Member or both. Your estimated Rule 23 Individual Settlement Amount is based on data unique to you and is listed on page 1 of this Class Notice. These amounts are calculated based on a Court-approved formula to arrive at your estimated Individual Settlement Amount. These amounts take into consideration Court approval of the requests for administrative costs and a Named Plaintiff Service Award.

If you previously submitted a Consent Form to Opt-In to the FLSA Collective Action portion of this lawsuit, you will receive information regarding the Individual Settlement Amount of your FLSA claim in addition to this Rule 23 Notice.

**Each Class Member is responsible for payment of their own taxes on all Individual Settlement Amounts**. The Individual Settlement Amount you receive will be paid and reported as wages. You will receive an IRS Form W-2 for your Individual Settlement Amount. You should consult with your tax professional regarding the reporting of your payment on your federal and state tax returns and the taxes you may owe as a result of receiving your Individual Settlement Amount and the manner in which that payment is reported to federal and state taxing authorities.

**Other Terms**: The Court must approve the Settlement as fair and reasonable before it can go into effect. If approved, all Rule 23 Class Members who do not elect to opt out of the Settlement will be deemed to have released any and all state law claims for damages, penalties and interest which were brought or could have been brought based on the unpaid allegations in the Collective and Class Action Complaint (Counts III and IV) through the date of entry of the Final Approval Order, regardless of whether such Settlement Class Members have losses entitling them to receive their respective Individual Settlement Amount. If the Settlement is approved, monies owed to Settlement Class Members will be mailed by the Settlement Administrator within 10 days after the Court's approval becomes

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

final and all appellate rights are exhausted as provided in the Settlement Agreement.  In the event the Settlement is not approved by the Court or a Party exercises a right to call off or void the Settlement, the Parties will be returned to their previous positions in the Lawsuit and the case will proceed as if no Settlement Agreement had been reached.

## WHAT IS YOUR ESTIMATED INDIVIDUAL SETTLEMENT AMOUNT?

Based on the data provided to Class Counsel by All My Sons and calculations made by Class Counsel using that data, and after deductions for the amounts described above, your Rule 23 Individual Settlement Amount is estimated to be:



Your actual Individual Settlement Amount may be higher or lower upon Final Approval of the Settlement depending on whether new or corrected data is provided or discovered and the Court's ruling on the amounts requested for administrative costs and a service award as part of the overall settlement.

If you previously submitted a Consent Form to Opt-In to the FLSA Collective Action portion of this lawsuit, you will receive information regarding the Individual Settlement Amount of your FLSA claim in addition to this Rule 23 Notice.

## WHAT ARE YOUR OPTIONS AND WHAT DO YOU NEED TO DO TO RECEIVE AN INDIVIDUAL SETTLEMENT AMOUNT?

The chart below lists your options to respond to this Rule 23 Notice. These options are described in more detail below the chart.  Please read this information carefully so you do not lose important rights.

**If you are a Rule 23 Class Member, you can:**

| Do Nothing | By doing nothing, you will be included in the Rule 23 Class and receive your Individual Settlement Amount. If the Settlement is approved, you will be deemed to have released any and all state law claims for damages, penalties and interest which were brought or could have been brought based on the unpaid allegations in the Collective and Class Action Complaint (Counts III and IV) through the date of entry of the Final Approval Order. You will not be able to pursue a lawsuit against All My Sons or the other Defendants based on the unpaid wage claims.  If you select this option to do nothing and ultimately decide not to cash your |
| --- | --- |

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

|  | settlement check, any monies you otherwise would have been entitled to will be paid to the National Institute of Workers' Rights, a non-profit organization that works to advance workers' rights |
| --- | --- |
| Decide to Exclude Yourself | Receive no Individual Settlement Amount for your state law unpaid wage claims.  This is the only option that allows you to retain rights to pursue any other lawsuit against All My Sons about the unpaid wage claims in this case. |
| Object | Write to the Court to set forth in detail why the Settlement Agreement is not fair, reasonable, and adequate. |

**To Receive Your Individual Settlement Amount if you are a Rule 23 Class Member you do not need to do anything.**  If you exercise this option and the Court approves the Settlement and the Settlement Effective Date (as that term is defined in the Settlement Agreement) is realized, you will receive your Individual Settlement Payment by check.

If you want to receive your money, it is also extremely important that you keep the Settlement Administrator informed of any changes in your address on the Change of Information enclosed herewith or through other approved means so the Settlement Administrator can mail your check to you.

In addition, because taxes must be withheld from the wage portion of your award, it is in your interest to fill out and send the Settlement Administrator a W-4 form (also enclosed herewith) indicating how many withholding exemptions you claim. This will be used to determine deductions and withholding on your W-2.  If you do not fill out and send the Settlement Administrator a W-4 form, taxes will be withheld and reported based on the single rate.

**To Exclude Yourself From the Settlement**:  If you do not want to participate in the Settlement you may elect to opt-out of the settlement by timely and properly submitting a letter to the Settlement Administrator stating that you elect to "opt-out" of the Settlement. Your letter must include your name, address, date, and the last four digits of your Social Security number. If you request to be excluded you will **NOT** receive the estimated Individual Settlement Amount set forth above or any portion of the Settlement Fund, you will not be bound by the Settlement Agreement and you will remain free to pursue whatever claims you may have against Defendants and the other Released Parties on your own subject to any applicable limitations or defenses that may be asserted against you.  To be valid your request to be excluded must be postmarked no later than _____ or must be submitted by that date to the Settlement Administrator online as provided in the instructions that follow.

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

**To File an Objection to the Settlement**:  If you choose to participate in the Settlement but think that any of the terms of the Settlement are unfair, you may mail a letter to the Settlement Administrator at the address listed below explaining the terms that you think are unfair with a detailed explanation of why you believe the settlement is unfair.  Your letter must include your name, address, telephone number, and the last four digits of your Social Security number.  To be considered by the Court, your objection must be postmarked no later than                    .  If you wish to address the Court personally during the Final Fairness Hearing (explained below) to state your objection, you must indicate that you would like to speak at the Final Fairness Hearing in your letter and then submit your objection to the Settlement Administrator or to the Court by                    . If the Court rejects your objection, you will still be bound by the terms of the Settlement Agreement.  You cannot object to the terms of the Settlement Agreement if you exclude yourself from the settlement.

**Regardless of whether you receive an Individual Settlement Amount, you will be bound by the Settlement if you do not exclude yourself from the Settlement as described above.**

**WHEN WILL INDIVIDUAL SETTLEMENT AMOUNTS BE PAID?**

If the Settlement is given final approval by the Court and after any appeals rights have been exhausted, your Individual Settlement Amount will be paid within 10 days of the date all appeal rights are exhausted. This means that the Individual Settlement Amount will be mailed approximately 40 days after the date the Court grants Final Approval of the Settlement, provided there are no appeals.

If any Settlement Class Member does not cash his or her settlement check provided reasonable efforts have been made to locate the Settlement Class Member, the Individual Settlement Amount which goes uncashed will be distributed *cy pres* to the National Institute for Workers' Rights, a non-profit organization that works to advance workers' rights.

**NO RETALIATION**

Whether you decide to participate in this Settlement, not to participate in this Settlement by opting out, or participate and file an objection, you are free to make your choice without coercion or duress and without fear of retaliation.  All My Sons is prohibited by law from retaliating against you in any way for your participation or lack of participation in this Settlement.

**WHEN WILL THE COURT MAKE A FINAL DECISION ABOUT THE SETTLEMENT?**

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

The Court will hold a Final Fairness Hearing on the _____ day of _____, 20__ to consider whether the Settlement is fair, reasonable, and adequate for all of the Class Members and to decide the Named Plaintiff's application for a Service Award, and Class Counsel's request for the costs of the administrator to be paid from the Settlement. The Court will consider any objections that Class Members timely and properly submit and make a decision whether to approve the Settlement. The hearing will be held in front of the Honorable Raner C. Collins, District Judge, at _____ o'clock in the [morning/afternoon], at:

Evo A. DeConcini United States Courthouse
Courtroom _____, _____ Floor
405 W. Congress Street
Tucson, AZ 85701-5010

The date and time of the Final Fairness Hearing may be continued by Order of the Court to a different date and time without further notice. If you plan to attend, please check the websites below or contact the Settlement Administrator to make sure the Final Fairness Hearing date and time has not changed. You do **NOT** need to attend the Final Fairness Hearing. However, you have the right to attend if you want. You can also speak in favor of or against the Settlement at the Final Fairness Hearing but only if you timely and properly request to do so.

**WHERE CAN I OBTAIN FURTHER INFORMATION?**

This Notice provides only a summary of the Settlement Agreement. If you would like to see a full copy of the Settlement Agreement, you may contact:

[insert Settlement Administrator]

If you have questions about the Settlement, or want a copy of the Settlement Agreement, you may also contact Class Counsel at:

Ty Frankel
Patricia Syverson
YEN PILCH ROBAINA & KRESIN PLC
6017 N. 15th Street
Phoenix, Arizona 85014

Date: _____

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, ALL MY SONS' OR ALL MY SONS' ATTORNEYS WITH QUESTIONS ABOUT THE SETTLEMENT. THEY CANNOT ANSWER QUESTIONS.**

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

# EXHIBIT D

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

**EXHIBIT D**
**(Notice to be included with settlement checks)**


**PLEASE READ THIS NOTICE CAREFULLY**

Re: *Vega v. All My Sons Business Development, LLC, et al* – Settlement Payment
**[Settlement Administrator to insert date]**

Dear **[Settlement Administrator to insert]**:

Enclosed please find a check in the amount of **[Settlement Administrator to insert]** representing your Fair Labor Standards Act ("FLSA") Individual Settlement Amount in the *Vega v. All My Sons Business Development, LLC* action. Through this action, Plaintiff Vega and Defendants All My Sons have resolved the FLSA wage and hour claims asserted in *Vega v. All My Sons Business Development, LLC*, Case No. CV20-00284, filed in the United States District Court for the District of Arizona, to which you opted in and Vega served as the representative on your behalf.  The District Court of Arizona has approved a settlement, which resulted in payment to you reflected in the enclosed settlement check. Upon the Settlement Effective Date, you will be deemed to have released and discharged all claims for unpaid wages in the Lawsuit brought under the FLSA through the date of entry of the Final Approval Order by the District Court of Arizona, which are alleged in Counts I and II of the Collective Action and Class Action Complaint filed on July 2, 2020 against Defendants All My Sons Business Development, LLC, All My Sons Moving & Storage of Tucson LLC, and All My Sons Moving & Storage of Phoenix LLC, and their respective affiliates, subsidiaries, successors, assigns, executives, and owners ("Released Parties.").  **To receive settlement payment from this action, please cash this check no later than [Settlement Administrator to insert];** after that date (which is 6 months from the date this notice was mailed), this check will no longer be valid and the monies contained therein shall be distributed *cy pres* to the National Institute for Workers' Rights, a non-profit organization that works to advance workers' rights.  If you negotiate your check, your FLSA claims asserted in this *All My Sons* action shall be considered dismissed with prejudice.

1

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

# EXHIBIT E
# (under seal)

# EXHIBIT F

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

1

2

3

4

5

6

7

8

9

10

11

**IN THE UNITED STATES DISTRICT COURT**

12

**DISTRICT OF ARIZONA**

13  Jose A. Vega, on behalf of himself and all      Case No. 4:20-cv-00284-RCC
    those similarly situated,

14                                                   **[PROPOSED] PRELIMINARY**
                                                     **APPROVAL ORDER**
15          Plaintiff,

    v.

16

17  All My Sons Business Development, LLC,
    a Delaware limited liability company; All

18  My Sons Moving & Storage of Tucson
    LLC, a Delaware limited liability company;

19  All My Sons Moving & Storage of Phoenix
    LLC, a Delaware limited liability company,

20

21          Defendants.

22

23

24

25

26

27

28

1   Plaintiff Jose A. Vega, individually, and on behalf of the FLSA Opt-in Plaintiffs

2  and the approximately 430 Rule 23 Class Members and All My Sons[1] (collectively, the

3  "Parties") have entered into a Settlement Agreement to settle this Litigation, and Plaintiff

4  Vega has filed an Unopposed Motion for Preliminary Approval of Proposed FLSA

5  Collective Action and Rule 23 Class Action Settlement (collectively, "Motion for

6  Preliminary Approval").   The Settlement Agreement, the exhibits thereto, and the

7  exhibits to the Motion for Preliminary Approval, set forth the terms and conditions for a

8  proposed Settlement and dismissal with prejudice of this Litigation.

9   Having reviewed the Settlement Agreement and its exhibits, the Motion for

10  Preliminary Approval, the pleadings and other papers on file in this action, and

11  statements of counsel, the Court finds that the Motion for Preliminary Approval should

12  be GRANTED and that this Preliminary Approval Order should be entered.  Terms and

13  phrases used in this Preliminary Approval Order shall have the same meaning ascribed to

14  them in the Settlement Agreement.

15   NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

16   1.   The Court preliminarily approves the Settlement Agreement subject to the

17  Fairness Hearing for purposes of deciding whether to grant final approval to the

18  Settlement.

19   2.   <u>For settlement purposes only</u>, the Court conditionally certifies the following

20  Settlement Classes:

21   **"Rule 23 Class Members"** includes current and former Helpers who
    worked at the All My Sons' Tucson, Arizona location between July 2, 2017
22   and June 28, 2022 who did not opt out of this Lawsuit and whose names are
    set forth on an exhibit to the Settlement Agreement identifying then as Rule
23   23 Class Members.

24   **"FLSA Opt-In Class Members"** means the current and former Helpers
    who worked at the All My Sons' Tucson, Arizona location between July 2,
25

26   _____

27   [1] "Defendants" and "AMS" collectively refers to the following entities: All My
    Sons Business Development, LLC, All My Sons Moving & Storage of Tucson LLC, All
    My Sons Moving & Storage of Phoenix LLC, and their respective affiliates, subsidiaries,
28   successors, assigns, executives, and owners.

2017 and March 29, 2022 who validly opted into this Lawsuit and who did not subsequently withdraw their opt-in form and whose names are set forth on an exhibit to the Settlement Agreement identifying them as FLSA Opt-In Class Members.

3.      For settlement purposes only, the Court appoints the following attorneys to act as Settlement Class Counsel:

Ty Frankel
Patricia Syverson
YEN PILCH ROBAINA & KRESIN PLC
6017 N. 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450

4.      For settlement purposes only, the Court appoints Plaintiff Vega as representative of the Settlement Classes.

5.      The Court finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class.  This determination permitting notice to the Settlement Class is not a final finding, but a determination that there is probable cause to submit the proposed Settlement Agreement to the Settlement Class and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

6.      The Court schedules a Fairness Hearing on final approval of the Settlement and Settlement Agreement to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court, such Fairness Hearing to take place on _____, 2023, at ____ a.m./p.m. The Court reserves the right to adjourn or continue the Fairness Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Fairness Hearing or at any adjournment or continuance thereof, and to approve the Settlement with modifications, if any, consented to by the Settlement Class Counsel and Defendants' Counsel without further notice.  Further, the Court reserves the right to waive the

3

Fairness Hearing in the event no Settlement Class members timely notify the Court of their objections and intention to appear at the Fairness Hearing.

7.      The Court appoints Simpluris Inc., as Settlement Administrator in accordance with Section III(B)-(F) of the Settlement Agreement, subject to its agreement to perform services.

8.      The Court approves the Rule 23 Class Notice, Exhibit C to the Settlement Agreement, and directs the Settlement Administrator to send the Rule 23 Class Notice in accordance with the Settlement terms set forth in the Settlement Agreement.

9.      The Court finds the proposed Rule 23 Class Notice as set forth in the Settlement Agreement (i) is the best practicable notice, (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (iv) meets all requirements of applicable law.

10.      The Court approves Information Form and Change of Information Form, Exhibits A and B to the Settlement Agreement, and directs that the Information Form and Change of Information Form be provided to Settlement Class Members as set forth in the Settlement Agreement.

11.      The Court orders any members of the Settlement Class who wish to exclude themselves from the Settlement Class to submit appropriate, timely requests for exclusion in accordance with the procedures outlined in the Settlement Agreement and Class Notice, emailed by or postmarked no later than 14 days prior to the Final Fairness Hearing, or _____, 2023.  The Court orders that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (*i.e.*, become an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation.

12.      The Court orders that any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of the

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

Settlement, their Individual Settlement Payment, or the Named Plaintiff's Service Award, must serve on the Settlement Administrator, no later than twenty-one (21) days before the Final Fairness Hearing, or _____, 2023, a statement of the objection signed by the Settlement Class Member containing all of the following information:

        a.    The objector's full name, address, and telephone number;

        b.    If represented by an attorney, the attorney's full name, address, and telephone number;

        c.    A signed declaration that he or she is a member of the Settlement Class;

        d.    A written statement of all grounds for the objection;

        e.    A statement of whether the objector intends to appear at the Fairness Hearing; and

        f.    If the objector intends to appear at the Fairness Hearing through counsel, the objection must also identify the attorney representing the objector who will appear at the Fairness Hearing.

13.    The Court orders that any response to an objection shall be filed with the Court no later than seven (7) days prior to the Fairness Hearing.

14.    The Court orders that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with the requirements of Section VIII of the Settlement Agreement shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or by any other means.

15.    The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement and who intends to make an appearance at the Fairness Hearing, to provide notice to the Settlement Administrator (who shall forward it to Settlement Class Counsel and Defendants' Counsel) and to file with the Clerk of the Court a notice of intention to appear no later than 14 days prior to the Final Fairness Hearing, or _____, 2023.  Counsel who do not adhere to these requirements will not be heard at the Fairness Hearing.

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

16.     The Court orders the Settlement Administrator to provide the Opt-Out List to Settlement Class Counsel and Defendants' Counsel no later than seven (7) Days after the Opt-Out and Objection Date, and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

17.     The Court approves the FLSA Notice, Exhibit D to the Settlement Agreement, and directs the Settlement Administrator to include the language of the Notice with the FLSA Opt-In Class Members' settlement checks in accordance with the Settlement terms set forth in the Settlement Agreement.

18.     All pretrial proceedings in the Litigation are stayed and suspended until further order of this Court.

19.     In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in the Litigation or in any other action or proceeding.

20.     Neither the Settlement Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, this Preliminary Approval Order or the Final Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendants, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

Dated:_____          _____

                                        **Hon. Raner C. Collins**

                                        **U.S. District Judge**

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

# EXHIBIT G

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

1

2

3

4

5

6

7

8

9

10

11 **IN THE UNITED STATES DISTRICT COURT**

12 **DISTRICT OF ARIZONA**

13 Jose A. Vega, on behalf of himself and all     Case No. 4:20-cv-00284-RCC
those similarly situated,

14                                                **[PROPOSED] FINAL APPROVAL**
                                                 **ORDER**
15         Plaintiff,

v.

16

17 All My Sons Business Development, LLC,
a Delaware limited liability company; All

18 My Sons Moving & Storage of Tucson
LLC, a Delaware limited liability company;

19 All My Sons Moving & Storage of Phoenix
LLC, a Delaware limited liability company,

20

21         Defendants.

22

23

24

25

26

27

28

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

1  Plaintiff Jose A. Vega, individually, and on behalf of the FLSA Opt-in Plaintiffs

2  and approximately 430 Rule 23 Class members and All My Sons[1] (collectively, the

3  "Parties") have entered into a Settlement Agreement to settle this Litigation and Plaintiff

4  Vega, which the Court preliminarily approved on _____.  Plaintiff Vega has

5  filed an Unopposed Motion for Final Approval of the Proposed FLSA Collective Action

6  and Rule 23 Class Action Settlement (collectively, "Motion for Final Approval").  The

7  Settlement Agreement, the exhibits thereto, and the exhibits to the Motion for Final

8  Approval, set forth the terms and conditions for a proposed Settlement and dismissal with

9  prejudice of this Litigation.

10  Having reviewed the Settlement Agreement and its exhibits, the Motion for Final

11  Approval, the pleadings and other papers on file in this action, and statements of counsel,

12  the Court finds that the Motion for Final Approval should be GRANTED and that this

13  Final Approval Order should be entered.  Terms and phrases used in this Final Approval

14  Order shall have the same meaning ascribed to them in the Settlement Agreement.

15  NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

16  1.  For settlement purposes only, the Court certifies the following Settlement

17  Classes:

18  **"Rule 23 Class Members"** includes current and former Helpers who
worked at the All My Sons' Tucson, Arizona location between July 2, 2017

19  and June 28, 2022 who did not opt out of this Lawsuit and whose names are
set forth on an exhibit to the Settlement Agreement identifying then as Rule

20  23 Class Members.

21  **"FLSA Opt-In Class Members"** means the current and former Helpers
who worked at the All My Sons' Tucson, Arizona location between July 2,

22  2017 and March 29, 2022 who validly opted into this Lawsuit and who did

23  not subsequently withdraw their opt-in form and whose names are set forth
on an exhibit to the Settlement Agreement identifying them as FLSA Opt-

24  In Class Members.

25

26

27  [1] "Defendants" and "AMS" collectively refers to the following entities: All My
Sons Business Development, LLC, All My Sons Moving & Storage of Tucson LLC, All

28  My Sons Moving & Storage of Phoenix LLC, and their respective affiliates, subsidiaries,
successors, assigns, executives, and owners.

CASE NO. 2:11-cv-04153-CAS (AGrx) [PROPOSED]
PRELIMINARY APPROVAL ORDER

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

2. <u>For settlement purposes only</u>, the Court appoints the following attorneys to act as Settlement Class Counsel.  Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately protected the interests of the Settlement Class:

Ty Frankel
Patricia Syverson
YEN PILCH ROBAINA & KRESIN PLC
601715th Street
Phoenix, Arizona 85014

3. <u>For settlement purposes only</u>, the Court appoints Plaintiff Vega as representative of the Settlement Class.

4. The Court finds that notice to the Settlement Class was provided in accordance with the Court's Preliminary Approval Order.  This notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the settlement.

5. The Court finds that the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice to the Settlement Class.  The Settlement Agreement was arrived at through good-faith bargaining at arm's-length, without collusion, conducted by counsel with substantial experience in prosecuting and resolving wage class actions. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The consideration to be provided to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Litigation, and in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.  All terms of the settlement and Settlement Agreement are approved by this Final Approval Order.  The fact that this Final Approval Order specifically identifies or summarily

3

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

recapitulates some, but not other, provisions of the Settlement Agreement does not modify any provision of the Settlement Agreement, nor does it elevate or demote any provision vis á vis any other provision, nor does it create an inference in that regard.

6.    The Court has reviewed the Settlement Agreement in light of the factors set forth in *Linney v. Cellular Alaska Partnership,* 151 F.3d 1234, 1242 (9th Cir. 1998), and finds that the Settlement Agreement is fair, reasonable and adequate, and in the best interests of Plaintiff and the FLSA Opt-In Plaintiffs.

7.    The Court also finds the requirements of Rule 23(a) and (b)(3) have been satisfied for purposes of settlement. The Rule 23 Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiff are typical of the claims of the Settlement Class; the Plaintiff has, and Settlement Class Counsel have fairly and adequately protected the interests of the Settlement Class, and will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

8.    All Settlement Class Members who failed to submit an objection to the settlement in accordance with the deadline and procedure set forth in the Preliminary Approval Order are deemed to have waived and are forever foreclosed from raising the objection and are foreclosed from seeking any adjudication or review of the Settlement Agreement by appeal or by any other means.

9.    The Court orders that any member of the Settlement Class who has not submitted a timely, written request for exclusion from the Settlement Class (*i.e.,* become an Opt-Out) as directed in the Preliminary Approval Order is bound by all proceedings, orders, and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release (as set forth in the Settlement Agreement).

10.    The Parties, the Released Parties, and each Settlement Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action,

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

proceeding, or dispute relating in any way to, or arising out of, the Released Claims, the Settlement Agreement, or this Final Approval Order.

11.   The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and any and all Settlement Class members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

12.   Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Litigation with prejudice as to all Defendants, without fees or costs, except as to be determined by the Court pursuant to Class Counsel's application for an Attorneys' Fee Award and Costs submitted pursuant to the Settlement Agreement.

13.   By operation of this Final Approval Order, the Releasing Parties release and forever discharge the Released Parties from the Released Claims, as set forth in the Settlement Agreement.

14.   Neither the Settlement Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, this Preliminary Approval Order, or the Final Approval Order), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendants, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.

15.   The Court makes the following award to Named Plaintiff as a Service Award: $_____.

16.   Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17.   The Court directs that Settlement Class Counsel shall file their application for an Attorneys' Fee Award and Costs and a memorandum in support thereof pursuant to L.R.Civ. 54.1 and 54.2 within 60 days of the Settlement Effective Date.  Defendants may

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad

1    file a response under L.R.Civ. 54.1 and 54.2 within 30 days after Settlement Class

2    Counsel files the application and Settlement Class Counsel may file a reply within 30

3    days after Defendants file their response.

4         18.    Neither Settlement Class Counsel's application for an Attorneys' Fee

5    Award and Costs, nor any order or proceedings relating to such applications, nor any

6    appeal from any order relating thereto or reversal or modification thereof, shall in any

7    way affect or delay the finality of this Judgment, and all such matters shall be considered

8    separate from this Final Approval Order.

9         19.    Without affecting the finality of this Final Approval Order, the Court

10   retains exclusive jurisdiction over this action, the Parties, and all Settlement Class

11   members to determine all matters relating in any way to the Final Judgment and Order,

12   the Preliminary Approval Order, or the Settlement Agreement, including but not limited

13   to the administration, implementation, interpretation, or enforcement of such orders or

14   Agreement.

15        20.    Based upon the Court's finding that there is no just reason for delay of

16   enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction

17   to oversee implementation and enforcement of the Settlement Agreement, the Court

18   directs the Clerk to enter final judgment.

19   **IT IS SO ORDERED.**

20

21   **Dated:**_____          _____

22                                          **Hon. Raner C. Collins**

23                                          **U.S. District Judge**

24

25

26

27

28

6

Doc ID: 3c7e55a89ce52f1e86d2b6d32c0e889c1ad2f7ad