1
2

# Frankel Syverson pllc

3
4
5   FRANKEL SYVERSON PLLC
    2375 E. Camelback Road, Suite 600
6   Phoenix, Arizona 85016
    602-598-4000
7   Ty D. Frankel (027179)
    ty@frankelsyverson.com
8
    9655 Granite Ridge Drive, Suite 200
9   San Diego, California 92123
    602-598-4000
10  Patricia N. Syverson (020191)
    patti@frankelsyverson.com
11
    *Attorneys for Plaintiff and the Class*

12

13              **IN THE UNITED STATES DISTRICT COURT**

14                      **DISTRICT OF ARIZONA**

15  Jose A. Vega, on behalf of himself and all    Case No. 4:20-cv-00284-RCC
    those similarly situated,
16
                                                  **PLAINTIFF'S UNOPPOSED MOTION**
17              Plaintiff,                         **FOR FINAL APPROVAL OF**
                                                  **PROPOSED FLSA COLLECTIVE**
18          v.                                    **ACTION AND RULE 23 CLASS**
                                                  **ACTION SETTLEMENT**
19  All My Sons Business Development, LLC,
    a Delaware limited liability company; All
20  My Sons Moving & Storage of Tucson
    LLC, a Delaware limited liability company;
21  All My Sons Moving & Storage of Phoenix
    LLC, a Delaware limited liability company,
22
23              Defendants.
24
25
26
27
28

## I.    Introduction

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Order of this Court dated October 4, 2023 (Doc. 175) preliminarily approving the Class Action Settlement Agreement, and in accordance with the provisions of the Settlement Agreement (Doc. 173-1), Plaintiff Jose Vega, on behalf of himself and the Settlement Class Members,[1] hereby respectfully requests that the Court grant Final Approval of the Settlement Agreement to resolve the claims in this case.  This motion is supported by the Declaration of Patricia N. Syverson in Support of Motion for Final Approval of Proposed FLSA Collective Action and Rule 23 Class Action Settlement, **Exhibit A** ("Syverson Decl."), the Declaration of Mary Butler Regarding Notice and Settlement Administration, **Exhibit B** ("Simpluris Decl.") and the record before the Court.

The facts, claims asserted by Plaintiff, and procedural history of the case are set forth in Plaintiff's Unopposed Motion for Preliminary Approval of FLSA Collective Action and Rule 23 Class Action Settlement (Doc. 173), which is hereby incorporated by reference.[2] On October 4, 2023, the Court preliminarily approved the Class Action Settlement, approved Plaintiff as the class representative, approved Frankel Syverson PLLC as Class Counsel, approved Simpluris, Inc. as the Settlement Administrator, approved the form and content of the Class Notice, and approved the methods for contacting and locating Class Members and distributing the Class Notice.  Doc. 175.

In preliminarily approving this Settlement, the Court found that the Settlement appears to be fair, adequate, and reasonable. (Doc. 175).  Nothing has occurred since preliminary approval to undermine that finding.  After the Court's ruling, all 430 Rule 23 Class Members were mailed Notice forms by the Settlement Administrator, as well as receiving notice by email and text message based on the available contact information for each individual.  Simpluris Decl. at ¶¶ 6-9, 11; Syverson Decl. at ¶ 2.  The deadline to file

---

[1] Capitalized terms have the meanings set forth in the Settlement Agreement (Doc. 173-1).
[2] Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby incorporates by reference the Unopposed Motion for Preliminary Approval at Doc. 173, along with the exhibits attached thereto.

objections to the Settlement was December 26, 2023, and the deadline to opt out of the Settlement was January 2, 2024. *See* Doc. 175 at ¶¶ 12, 13; Simpluris Decl. at ¶¶ 12, 14; Syverson Decl. at ¶ 4. No Class Member has opted out or objected to the Settlement Agreement, and no Class Member has requested to appear at the Final Approval Hearing. Simpluris Decl. at ¶¶ 13, 15; Syverson Decl. at ¶ 4.

## II.    Terms of the Settlement

A detailed description of the Settlement Agreement is set forth in Plaintiff's Unopposed Motion for Preliminary Approval (Doc. 173 at 4-7). As the Court will recall, the Settlement Agreement provides for AMS to pay a total Settlement Amount of $150,000, of which none is subject to reversion. Further, the amount available to the Class Members' will not be reduced by attorneys' fees or costs because AMS has separately agreed to pay for Plaintiff's Attorneys' Fee Award and Costs, in an amount to be determined by the Court pursuant to Plaintiff's separate fee application. In summary the Settlement provides the following:

### A.    Class Members' Individual Settlement Amounts

Each Class Member's settlement amount is calculated based on whether they are an FLSA Opt-In Class member and/or a Rule 23 Class Member. For each of the Helpers, the funds have been allocated fairly according to the hours allegedly worked and amounts earned during the relevant period of time. The amount of each individual's recovery was calculated utilizing an aggregation of information obtained from Vega, each FLSA Opt-In Plaintiff, including their responses to written discovery requests and deposition testimony, and the Rule 23 Class Members, as well as AMS's records, to determine the amount of time they allege to have worked. The individual settlement amounts to Vega and the Helpers range from $36.15 to $5,305.75, depending upon the amount of time each individual Helper worked during the relevant period of time and the specific claims they were eligible for. *See* Doc. 173-1, at IV(A) and Exhibit E; Simpluris Decl. at ¶16.

The final agreed upon amounts for the Helpers were calculated on a *pro rata* basis with each of the Helpers receiving approximately 20-40% of the unpaid wage damages

owed, in light of weighing the risks of continued litigation. *See* Doc. 173-1, at IV(A) and Exhibit E.[3] Each Rule 23 Class Member's estimated Individual Settlement Amount (based on the assumption of the Court's final approval of the Settlement) was included in their individualized Rule 23 Class Notice distributed by the Settlement Administrator to each Class Member. (Doc. 173-1 at IV(A)). The aggregate total amounts to be recovered by the Rule 23 Class Members and the FLSA Class Members for their unpaid wage claims is approximately $127,000. *See* Doc. 173-1, at IV(A) and Exhibit E.

### B. Service Award

As detailed in Plaintiff's Motion for Preliminary Approval (Doc. 173 at 5, 22-23), Class Counsel is requesting a Service Award for Plaintiff in the amount of $10,000. Given the success of this Settlement, Settlement Class Counsel continue to believe, and AMS does not oppose, that such a Service Award should be approved as fair and reasonable.

### C. Administrative Costs

Simpluris Inc., the Court-approved third-party administrator, was engaged for the purpose of distributing Notice and administering the Settlement. *See* Settlement Agreement, Doc. 173-1, at IV(C); *see also* Simpluris Decl. at ¶ 3. Simpluris Inc. will be paid from the Settlement to cover such services in an amount estimated to be $13,000. Settlement Agreement, Doc. 173-1, at IV(C); *see also* Simpluris Decl. at ¶ 17.

### D. Distribution of the Settlement Funds

Under the terms of the Settlement Agreement, Defendants must transfer to the Settlement Administrator the amount of $150,000 within 15 days of Final Approval from which the Service Award approved by the Court, Administrative Costs and the amounts to be distributed to the Settlement Class Members will be paid. To the extent the individual aspects of the Settlement Amount (Individual Settlement Amounts, Administrative Costs or Service Award) are modified by the Court, any remaining funds from the Settlement

---

[3] Each of the FLSA Opt-In Plaintiffs (including Plaintiff Vega) are also encompassed within the Rule 23 Settlement Class. For ease of allocation, each of the FLSA Opt-In Plaintiffs only appears once in Exhibit E to the Settlement Agreement. The damages chart reflects both an amount for FLSA damages (if applicable) and an amount for Rule 23 damages.

1   Amount shall be distributed *cy pres* to the National Institute for Workers' Rights.  *See*

2   Settlement Agreement, Doc. 173-1, at V(A).

3   **III.    Distribution of the Class Notice**

4           Pursuant to the Court's Order granting preliminary approval and the terms of the

5   Settlement Agreement, the Settlement Administrator mailed the Class Notices to 430 Rule

6   23 Class Members by regular U.S. Mail on October 18, 2023.  *See* Simpluris Decl. at ¶ 9.

7   Prior to mailing the Class Notice, the Settlement Administrator performed a National

8   Change of Address (NCOA) search in accordance with Section III(F) of the Settlement

9   Agreement. *Id*. at ¶¶ 7-8.  In an effort to ensure a high level of notice, the Settlement

10  Administrator also sent the Rule 23 Class Notice by email.  *Id*. at ¶ 11.  And, Class Counsel

11  notified all Rule 23 Class Members of the Notice via text message.  Syverson Decl. at ¶ 2.

12  The Settlement Administrator also set up a toll-free telephone number (which was included

13  in the Class Notice) for the purpose of allowing the Class Members to call Simpluris and to

14  make inquiries regarding the Settlement.  As of this date, Simpluris has not received any

15  calls or concerns from Class Members, however, the number will remain in operation

16  throughout the settlement process.  *See* Simpluris Decl. at ¶¶ 4-5.

17          Following distribution of the Class Notices, the Settlement Administrator received a

18  total of 163 returned mailings as undeliverable and/or with no forwarding address.  *See*

19  Simpluris Decl. at ¶ 10.  In accordance with Section III(F) of the Settlement Agreement, the

20  Settlement Administrator conducted a skip trace for each of the Class Members whose

21  mailed Class Notice was returned.  *Id*.[4]  After conducting related skip tracing, the Settlement

22  Administrator sent a second mailing by regular U.S. Mail to 120 Class Members whose

23  previously mailed notices had been returned and for whom updated address and contact

24

25  [4] The skip traces employed by the Settlement Administrator have been widely accepted as
26  a "reasonable search" that "satisfies due process." *In re MyFord Touch Consumer Litig.*,
    2019 WL 1411510, at *11 (N.D. Cal. Mar. 28, 2019); *Bellinghausen v. Tractor Supply Co.*,
27  306 F.R.D. 245, 254 (N.D. Cal. 2015) (approving system of mailing settlement notices to
    last-known addresses and using skip traces to re-send undeliverable mail as "reasonably
28  calculated to provide notice to class members").

information had been obtained.  *Id*.  Given those additional efforts, only 43 Class Members'
notice packets remain having been undeliverable.  *Id*.  The 43 undeliverable mail notices
represent 9% of the distributed Class Notices, which is a low rate considering the length of
the class period, the transient nature of moving company employees, and the brief
employment dates for many of the Settlement Class Members.  *See, e.g., Godson v. Eltman,
Eltman, & Cooper, P.C.*, 328 F.R.D. 35, 52 (W.D.N.Y. 2018) (adequate notice provided
where 23 of 270 or 8.5% of notices were undeliverable).

Further, to the extent current information was available, the Class Members also
received notice via email and text message.  Of the 43 Class Members who did not receive
mailed notice, over half received text messages regarding the Settlement, leaving at most
16 Class Members who did not receive any form of notice – mailed, email or text message
– which represents less than 4% of the Rule 23 Class.  This is a very low rate and emphasizes
the success of the notice plan.  Syverson Decl. at ¶ 5.

The amount available to pay each individual Rule 23 Class Member their allocated
Individual Settlement Amount for their unpaid wages totals $127,000.  If the requested
payment of Administrative Costs and a Service Award are approved by the Court, and each
of the individuals who received notice cash their settlement checks, there will be
approximately $1,800 remaining in the Settlement Fund which will be distributed *cy pres*
to The National Institute for Workers' Rights.  *See* Settlement Agreement, Doc. 173-1, at
V(A); Syverson Decl. at ¶¶ 5-6.

**IV.    The Settlement Agreement is Fair, Reasonable, and Adequate.**

"Because '[t]he Ninth Circuit has not established the criteria that a district court must
consider in determining whether an FLSA settlement warrants approval [,]' … district
courts in this Circuit typically apply the standard established by the Eleventh Circuit in
*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982)." *Garcia
v. Cty. of Los Angeles*, 2018 WL 3218212, at *2 (C.D. Cal. May 21, 2018) (quoting *Otey v.
CrowdFlower, Inc.*, 2015 WL 6091741, *4 (N.D. Cal. 2015)).  *See also Villarreal v.
Caremark LLC*, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016) ("Like 'numerous district

courts throughout the Ninth Circuit,' this Court, too, is guided by *Lynn's Foods* in deciding whether to approve the parties' Stipulation.") (citing cases). "In 'scrutinizing' a FLSA settlement 'for fairness [,]' a court must decide whether a stipulated settlement agreement 'is a fair and reasonable resolution of a bona fide dispute of FLSA provisions.'" *Villarreal*, 2016 WL 5938705, at *2 (quoting *Lynn's Foods*, 679 F.2d at 1353). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues ... that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Because of the inherent differences between class actions and individual FLSA settlements, some of the Rule 23 "fairness" factors do not apply to FLSA collective action settlements. *Villalobos v. Calandri,* 2016 WL 6901695 at *4 (C.D. Cal. March 14, 2016). However, in cases that present a hybrid settlement under both the FLSA and Rule 23, courts look to both the FLSA and Rule 23 factors to evaluate the overall fairness and reasonableness of a hybrid settlement. *Id.* at *4. "These factors include (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the Class Members to the proposed settlement." *Id.* (citing *Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993)).  As this case involves both FLSA and Rule 23 classes, application of these factors is appropriate.  As set forth below, all the relevant factors favor final approval of the Settlement in this case.

Plaintiff has addressed each of these factors in detail in his Unopposed Motion for Preliminary Approval (Doc. 173 at 13-22), which Plaintiff incorporates herein.  Since the Court's October 4, 2023 Order (Doc. 175) preliminarily approving the Settlement, however, additional facts support factors (4) (the amount offered in Settlement) and (8) (the reaction of Class Members).

As to the amount offered in Settlement, the Court may now more accurately determine the amount of recovery to be claimed by the Class as a result of this Settlement. *See Harris v. Vector Marketing Corp.*, 2011 WL 1627973 at *13-14 (N.D. Cal. April 29, 2011) (recognizing that the actual value of the settlement can be more accurately assessed at a final fairness hearing after submission of claims).  As set forth above, there have been no Class Members request to opt out of the class or object to the Settlement.  As a result, the total $127,000 will be available for payment to Vega and the FLSA Opt-In Plaintiffs and Rule 23 Class Members for their alleged overtime and unpaid wage compensation claims pursuant to the FLSA, AWA and AMWA.  Even if the Court were to consider the 16 individuals who were not able to be contacted as a result of undeliverable Notice, the total amount that will be distributed to the Class Members is approximately $125,200.96 or 98.5% of the total amount the Parties agreed to make available to the Class Members.  Syverson Decl. at ¶ 6.  And, no individual Class Member will have their agreed-upon recovery set forth in Exhibit E reduced in any way, including by way of attorneys' fees or costs because AMS has separately agreed to pay for Plaintiff's Attorneys' Fee Award and Costs, in an amount to be determined by the Court pursuant to Plaintiff's separate fee application.  This is an excellent result for Class Members, and the fact that no amount will revert to AMS but will instead be distributed *cy pres* to the National Institute for Workers' Rights is significant and weighs in favor of final approval of the class action settlement.  Accordingly, the high percentage of the Settlement Amount that will ultimately be paid by Defendants to Class Members supports finding the Settlement Agreement to be fair, reasonable, and adequate.

Plaintiff also notes that (and as previously explained in the Motion for Preliminary Approval (Doc. 173 at 18-19)) each Class Member included in this Settlement is set to receive 20-40% of their estimated damages.  These amounts meet or exceed recoveries under other settlements that have been determined to be fair and reasonable. *See, e.g., Quintana v. HealthPlanOne LLC,* 2019 WL 3342339, at *3 (D. Ariz. July 25, 2019) (finding settlement of wage and hour class action for "one-half or one-third of the total possible

1  recovery" to be reasonable and noting that "string of cases in which district courts in this

2  Circuit have approved settlement recoveries less than 30 to 50 percent of the Plaintiff's

3  possible recovery" is "persuasive"); *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41,

4  57–58 (E.D.N.Y. 2010) (Rule 23 wage and hour settlement fund within range of

5  reasonableness when it represented approximately 13% to 17% of the maximum possible

6  recovery); *Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *4 (N.D. Cal. Jan. 26, 2007)

7  (finding settlement of wage and hour class action for 25% to 35% of the claimed damages

8  to be reasonable); *Greko v. Diesel U.S.A., Inc*., 2013 WL 1789602, at *5 (N.D. Cal. Apr.

9  26, 2013) (24% of damages); *see also Shoults v. G4S Secure Sols. (USA) Inc.,* Case No.

10  2:19-cv-02408-GMS (D. Ariz. 2022) (Doc. 333) (approving FLSA settlement as fair where

11  the settlement fund represented between 13%-20% or 26%-40% of the maximum possible

12  recovery depending on damages methodology).

13  With respect to the reaction of Class Members to the proposed Settlement following

14  Preliminary Approval and distribution of Class Notice, no Class Member has opted out or

15  objected to the Settlement Agreement.  Simpluris Decl. at ¶¶ 13, 15; Syverson Decl. at ¶ 4.

16  This too supports granting final approval.  *See Chun–Hoon v. McKee Foods Corp*., 716

17  F.Supp.2d 848, 852 (N.D. Cal. 2010) (noting that zero objections and 16 opt-outs

18  representing 4.86 percent of the class "strongly supports settlement"); *Cruz v. Sky Chefs,*

19  *Inc.*, 2014 WL 7247065, at *5 (N.D. Cal. Dec. 19, 2014) ("A court may appropriately infer

20  that a class action settlement is fair, adequate, and reasonable when few class members

21  object to it.").

22  **V.    Conclusion**

23  For the foregoing reasons, and for the reasons set forth in Plaintiff's Unopposed

24  Motion for Preliminary Approval (Doc. 173), and the supporting Declarations, Plaintiff

25  respectfully requests that the Court enter the proposed Final Approval Order originally

26  submitted as Exhibit G (Doc. 173-1 at 52-57) with Plaintiff's Unopposed Motion for

27

28

1  Preliminary Approval and submitted again here with this motion for the Court's
2  convenience.[5]

3    DATED:  January 9, 2024

4                                            **FRANKEL SYVERSON PLLC**
                                             By  _____*s/ Patricia N. Syverson*_____
5                                            Patricia N. Syverson
                                             9655 Granite Ridge Drive, Suite 200
6                                            San Diego, California 92123

7                                            **FRANKEL SYVERSON PLLC**
                                             Ty D. Frankel
8                                            2375 E. Camelback Road, Suite 600
                                             Phoenix, Arizona 85016
9
                                             *Attorneys for Plaintiff and the Class*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____
    [5] The Proposed Order submitted with this instant motion has been updated from the
28  proposed order submitted with the Settlement Agreement to reflect the date the Court
    preliminarily approved the Settlement and update Settlement Class Counsel's firm
    information.

- 9 -