**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose A. Vega, | No. CV-20-00284-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| All My Sons Business Development LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application for Attorneys' Fees and Costs. (Doc. 183.) This matter has been fully briefed. (Docs. 183, 188, 191–94, 198.) Plaintiff also submitted his Bill of Costs. (Doc. 186.) Defendants filed an Objection to the Bill of Costs (Doc. 189) and Plaintiff filed his Response (Doc. 190).

## I.  Background

On July 2, 2020, Plaintiff brought a Federal Rule of Civil Procedure 23 Class Action and Fair Labor Standards Act ("FLSA") Collective Action on behalf of himself and similarly situated "helpers" (i.e., movers) who worked for Defendants All My Sons Business Development LLC, All My Sons Moving & Storage of Tucson, and All My Sons Moving & Storage of Phoenix (collectively "All My Sons"). (Doc. 1.) The parties engaged in discovery and disclosure, litigated Plaintiff's Motion to Certify FLSA Collective Action, Plaintiff's Motion to Certify Rule 23 Class, Defendants' Motion for Judgment on the Pleadings, engaged in the formal notice procedures for class and collective actions, participated in mediation, and ultimately negotiated a Settlement Agreement. (*See* Doc.

183 at 5–6.)

On February 1, 2022, the Court granted in part Plaintiff's Motion to Certify FLSA Collective Action and Motion to Certify Rule 23 Class. (Doc. 93.) As requested, the Court conditionally certified a collective action for violations of the FLSA's overtime and minimum wage requirements. (*Id.* at 6–7.) The collective consisted of helpers at All My Sons Tucson. (*Id.*) The Court also certified, pursuant to Rule 23, an Unpaid Wages Class of helpers at All My Sons Tucson to seek unpaid wages owed under A.R.S. §§ 23-350–65. (*Id.* at 27.) However, the Court declined to certify a class consisting of helpers from All My Sons Tucson *and* Phoenix who were seeking paid sick time because the Court found the claim for paid sick time could not proceed. (*Id.* at 18, 23.) The Court determined that "there is no private right of action to seek civil penalties for violations of § 23-375(A) or (C) . . . ." and noted that "[n]either the Arizona Supreme Court nor the Arizona Court of Appeals have determined whether an individual employee may recover the civil penalties contemplated by § 23-375(E) and § 23-364(F)." (*Id.* at 16, 18.) Finally, the Court's Order declined to dismiss Defendant All My Sons Business Development, LLC as a party and instructed Defendants to file a separate motion to dismiss, which they did not. (*Id.* at 18–19.)

On January 17, 2024, the Court approved the parties' Settlement Agreement. (Doc. 181.) The Settlement Agreement awarded $150,000 for the class and provided that "Plaintiff and Class Counsel are eligible for, and are statutorily entitled to, their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(G)." (Doc. 173-1 at 11–12.)

Plaintiff filed an Application for Attorneys' Fees and Costs seeking an award of $644,860 in attorneys' fees, $4,165.13 in taxable costs, and $5,888.80 in non-taxable costs. (Doc. 183 at 2.)

## II.    Relevant Law

The FLSA provides that a prevailing party "shall" be awarded their "reasonable"

attorneys' fees and "costs of the action." 29 U.S.C. § 216(b).[1] Section 216(b) "has been liberally interpreted to apply when an FLSA plaintiff prevails in a settlement before trial." *McGlothlin v. ASI Cap. Ventures LLC*, No. CV-19-04895-PHX-DJH, 2021 WL 857367, at *1 (D. Ariz. Mar. 8, 2021). A plaintiff is the prevailing party if the pre-trial settlement requires judicial enforcement, materially alters the legal relationship between the parties, and represents actual relief on the merits. *Finton v. Cleveland Indians Baseball Co.*, No. CV-19-02319-PHX-MTL, 2022 WL 2665927, at *2 (D. Ariz. July 11, 2022) (quoting *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010)).

Upon finding that a plaintiff is the prevailing party, the Court must use the "lodestar approach" to assess whether the requested fees are reasonable. *Id.* (citing *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 5008841, at *1 (D. Ariz. Jan. 21, 2022); *Pelayo v. Platinum Limousine Servs., Inc.*, 804 F. App'x 522, 524 (9th Cir. 2020)). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010). The lodestar amount is presumptively reasonable and may be altered only in "rare circumstances." *Perdue*, 559 U.S. at 553. The Court may adjust the lodestar based on the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

---

[1] Plaintiff also cites A.R.S. § 23-364(G) as support for why he is entitled to reasonable attorneys' fees and costs, but the Court finds the FLSA a sufficient basis for awarding fees. *See Finton v. Cleveland Indians Baseball Co.*, No. CV-19-02319-PHX-MTL, 2022 WL 2665927, at *2 n.2 (D. Ariz. July 11, 2022).

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also* LRCiv. 54.2(c)(3).

"Reasonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he relevant community is the forum in which the district court sits." *Finton*, 2022 WL 2665927, at *3 (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)). A rate of $300 to $400 an hour has been found to be reasonable for FLSA cases in the District of Arizona. *Id.* (collecting cases).

"[T]he level of success achieved by the plaintiff is 'a crucial factor in determining the proper amount of an award of attorney's fees.'" *Id.* at *4 (quoting *Hensley*, 461 U.S. at 440). However, "the Ninth Circuit has made clear that attorneys' fee awards should not be made strictly proportional to the amount recovered in the case." *Id.* (quoting *McNamara v. Infusion Software, Inc.*, No. CV-17-04026-PHX-SPL, 2020 WL 4921984, at *7 (D. Ariz. Aug. 21, 2020)). The relevant inquiry around success, therefore, is whether the unsuccessful claims were related to the successful claims. *Id.* at *5 (citing *Hensley*, 461 U.S. at 434; *Watson v. Cnty. of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002)). Claims are related if they involve a common core of facts or are based on related legal theories. *Webb v. Sloan*, 330 F.3d 1158, 1168–69 (9th Cir. 2003).

The Court cannot award fees on *unrelated*, unsuccessful claims. *Finton*, 2022 WL 2665927, at *5 (citing *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986)). If they are related, "the Court must evaluate the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *Id.* (quoting *Hensley*, 461 U.S. at 435). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . . If, on the other hand, a plaintiff has achieved only partial or limited success, the [lodestar amount] may be an excessive amount." *Id.* (quoting *Hensley*, 461 U.S. at 435–36). This assessment is within the Court's discretion. *Id.*

///

### III.    Motion for Attorneys' Fees and Costs

#### a.    <u>Eligibility and Entitlement</u>

The parties do not appear to dispute that Plaintiff is the "prevailing party" in this case. The Court agrees.

The Settlement Agreement is judicially enforceable because it required the Court's approval and resulted in an order directing the Clerk of Court to dismiss the case. *See Finton*, 2022 WL 2665927, at *3. The Settlement Agreement also materially altered the legal relationship between the parties because Plaintiff and the Class now have a legally enforceable settlement requiring Defendants to compensate them for unpaid wages. This resolution constitutes relief on the merits. Accordingly, Plaintiff is eligible for, and entitled to, his reasonable attorneys' fees and costs under 29 U.S.C. § 216(b).

#### b.    <u>Lodestar Analysis</u>

##### i.    **Parties' Arguments**

Class Counsel billed at an hourly rate of $400 and worked over 1,693 hours (approximately $677,200). (Doc. 183 at 10–11.) However, Plaintiff only seeks $644,860 in fees, which Plaintiff says reflects his "attempts to reduce [Class Counsel's] lodestar to account for any duplicative or even potentially high billing, as well as removing entries of timekeepers who had minimal involvement in this litigation." (*Id.* at 13.) Plaintiff believes the requested fees are reasonable because of "the successful outcome of the case, the efficiency with which the case was litigated, the risk and difficulty of bringing the case, the public service rendered by this action, and Class Counsel's continued work on the settlement administration." (*Id.* at 9.)

Defendants argue the fees are unreasonable because Plaintiff was not successful on all his claims and "[p]artial success justifies only a partial fee award." (Doc. 191 at 3.) Specifically, Defendants object to fees related to attempts to include the defunct All My Sons Mesa[2] location in the suit; attempts to certify a class for the All My Sons Phoenix location including the deposition of the Phoenix Manager and pleadings related to Phoenix;

---

[2] All My Sons Mesa was initially included in this suit but the parties agreed to dismiss it early on. (Doc. 29.)

attempts to certify a class of drivers; and litigation on the paid sick time claim. (*Id.* at 4–10.)

Defendants also object to Plaintiff's "excessive time entries" for routine tasks in discovery, for calculating damages, and for work conducted after the Rule 23 Notice. (*Id.* at 10–14.) In addition, Defendants argue that Plaintiff should not recover fees for calculating damages before October 2022 because Plaintiff "hid[] the ball" by not disclosing a dollar amount prior to that date. (*Id.* at 12–13.) Accordingly, Defendants seek the following reductions:

1. Failed claim against non-existent Mesa location - $1,480
2. Failed claim relating to Phoenix location and state-wide class - $27,280
3. Failed claim relating to Drivers - $58,500
4. Failed sick time claim - $92,260
5. Excessive/vague time entries relating to "discovery" - $25,000
6. Excessive time relating to undisclosed/untimely disclosure of damages - $50,000
7. Excessive time after Rule 23 class notices mailed - $82,500

(*Id.* at 15.)

Plaintiff replies that discovery relating to All My Sons Phoenix was necessary to narrow the scope of the class. (Doc. 194 at 4.) For example, the deposition of Ronnie Clair, the manager at All My Sons Phoenix, helped Plaintiff understand the statewide policies and determine whether All My Sons Phoenix should be included in the class action, even though Plaintiff ultimately did not seek to certify an unpaid wages class including All My Sons Phoenix. (*Id.*) Likewise, Plaintiff needed to engage in discovery regarding drivers to narrow the scope of the class; he ultimately did not seek to certify a class that included drivers. (*Id.*) Plaintiff argues neither of these claims "failed" but simply did not continue in the litigation after further discovery. (*Id.*)

Next, Plaintiff argues that the proposed $92,260 in reductions for the paid sick time claim are excessive because the claim was both meritorious and related to Plaintiff's successful claims for unpaid minimum and overtime wages. (*Id.* at 5.) Alternatively,

Plaintiff proposes a reduction of only $44,160—fees that "specifically related to the MJOP on the Paid Sick Time Claim"—if the Court were inclined to reduce the fees at all. (*Id.* at 6.)

As for damages calculations, Plaintiff argues that he did not "hide the ball" but could not provide a dollar amount until he received payroll data from Defendants, which they sent in September 2022. (*Id.* at 8.) Moreover, Plaintiff notes that he incurred many fees calculating damages *after* he received the payroll information. (*Id.* at 9.) Finally, Plaintiff asserts that hours billed after the Rule 23 Notice are not excessive because there was still necessary work, including discovery, preparing declarations from class members, calculating classwide damages, engaging in two mediations, and finalizing the Settlement Agreement. (*Id.* at 9–10.)

### ii. Analysis

Here, the Court will award Plaintiff $600,700 in attorneys' fees. Class Counsel's $400 hourly rate is reasonable and comparable to the hourly rate in similar cases in this district. The Court will reduce the fees by the agreed upon amount of $44,160 related to Defendants' Motion for Judgment on the Pleadings. But it will not further reduce Class Counsel's hours because they are otherwise reasonable.

First, the fees billed related to All My Sons Mesa are reasonable despite the fact that the location was dismissed from the suit early on. Plaintiff averred that he believed All My Sons Mesa was a proper party at the time he filed his Complaint until, upon further discovery, the parties stipulated to dismiss it because All My Sons did not have a location in Mesa during the relevant time period. (Doc. 190 at 3–4.) The Court does not consider this a "failed claim" but rather changes in the ordinary course of litigation.

Second, the fees billed pursuing a state-wide claim, including discovery and depositions of the manager at All My Sons Phoenix are reasonable because they were "essential to Vega's overall understanding of the policies statewide and to ensure the scope of the class for which he sought certification was proper[.]" (Doc. 194 at 4.) The fact that Plaintiff did not seek to certify an Unpaid Wages Class that included All My Sons Phoenix does not make the claim a failure or the fees billed unreasonable. The Court also notes that

All My Sons Phoenix was never dismissed from the suit and is a party to the Settlement Agreement.

Third, the time billed assessing whether the class should include drivers or not was reasonable. Plaintiff made no claim specific to drivers that failed; rather Class Counsel engaged in discovery to determine whether to certify a class of both drivers and helpers who were similarly situated in terms of generally applicable policies regarding minimum and overtime wages.

Fourth, as indicated above, the Court will reduce the fees sought related to the paid sick time claim by the $44,160 that Plaintiff proposes, which are the fees specifically related to Defendants' Motion for Judgment on the Pleadings that the Court granted. However, Plaintiff's claim regarding paid sick time claims was not only extensively litigated due to the difficult nature of the question of whether or not such a claim was allowed under state law, but it was also related to the successful claims for minimum and overtime wages. The paid sick time claim involved a common core of facts and arose out of the same course of conduct as the wage claims (i.e., the wage and hour policies and recordkeeping for helpers at All My Sons). The Court finds that the hours spent litigating this claim, apart from the $44,160 deduction, were reasonable because they were intertwined with the remaining claims.

Finally, the Court does not find that the work done after the Rule 23 notice—relating to discovery and damages—was "excessive." The discovery procedures and damages calculations appear to have proceeded reasonably in the normal course of litigation. Further, Class Counsel's averments regarding the work necessary on the case following the Rule 23 notice was reasonable.

For the foregoing reasons, the Court will award $600,700 in attorneys' fees to Plaintiff.

### c. **Non-Taxable Costs**

Defendants also object to the $5,888.80 in non-taxable costs because they argue such costs were explicitly prohibited in the Settlement Agreement. (Doc. 191 at 18.) Plaintiff asserts that a claim for such costs was not released in the Settlement Agreement.

(Doc. 194 at 12.)

The Settlement Agreement states: "The Parties agree that Plaintiff and Class Counsel are eligible for, and are statutorily entitled to, their reasonable attorneys' fees and Costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(G)." (*Id.* (quoting Settlement Agreement, Doc. 193-2 at 10–11.) "Costs" are defined in the Settlement Agreement as any costs that Plaintiff is entitled to under 29 U.S.C. § 216(b) and A.R.S. § 23-364(G). (Doc. 193-2 at 4.) Both 29 U.S.C. § 216(b) and A.R.S. § 23-364(G) provide that the prevailing party shall recover "the costs of the action."[3]

The Court does not find that the Settlement Agreement prohibited recovery of non-taxable costs. On the contrary, the relevant portion of the Settlement Agreement seems to specifically contemplate that Plaintiff would receive the costs provided for under 29 U.S.C. § 216(b) and A.R.S. § 23-364(G). The $5,888.80 in non-taxable costs are not otherwise unreasonable. Accordingly, the Court will award Plaintiff $5,888.80 in non-taxable costs.

## IV.    Bill of Costs

Plaintiff's Bill of Costs seeks $4,165.13 in taxable costs. (Doc. 186.) Defendants object because they assert Plaintiff seeks to recover taxable costs for work related to "overreaching" in this case. (Doc. 189 at 2.) This includes the costs for (1) service of process on All My Sons Mesa; (2) service of process on All My Sons Phoenix; (3) service of process on All My Sons Business Development, LLC; and (4) the deposition of Ronnie L. Clair, a manager at All My Sons Phoenix. (*Id.*)

Plaintiff responds in turn: (1) Plaintiff believed All My Sons Mesa was a proper entity at the time he filed his Complaint but, after receiving more information from Defendants, the parties stipulated to dismiss All My Sons Mesa; (2) Plaintiff believed All My Sons Phoenix was a proper entity at the time he filed his Complaint and the entity has never been dismissed entirely from the litigation, but was not certified as part of the collective action or class action; (3) Plaintiff believed All My Sons Business Development, LLC was a proper entity at the time he filed his Complaint and the Court declined to dismiss

---

[3] A.R.S. § 23-364(G) refers to them as the "costs of suit."

it; and (4) Mr. Clair's deposition was necessary to understand policies for both Phoenix and Tucson. (Doc. 190 at 3–4.)

The Court does not find that Defendants' arguments are a basis to reduce the taxable costs that Plaintiff seeks. As it previously explained, Plaintiff initially included All My Sons Mesa on a reasonable belief and All My Sons Phoenix remained a relevant party to the suit throughout litigation and, in fact, continues as party to the Settlement Agreement. The Court further notes that All My Sons Business Development, LLC is also a party to the Settlement Agreement. (Doc. 193-2.)

The Court will, however, make a $175.02 reduction to the fees of the clerk because they are not taxable.

## V.   Conclusion

**IT IS ORDERED:**

(1) Plaintiff's Application for Attorneys' Fees and Costs is **GRANTED IN PART.** (Doc. 183.) Plaintiff is awarded a total of $600,700.00 in attorneys' fees and $5,888.80 in non-taxable costs.

(2) The Clerk of Court is directed to tax costs in the amount of $3,990.11.

Dated this 24th day of June, 2024.

Honorable Raner C. Collins
Senior United States District Judge